MARION CARR *vs.* CRANSTON PRINT WORKS COMPANY.

JUNE 19, 1917.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Baker, JJ.

(1) *Bills of Exceptions. Petition to Establish Truth of Exceptions.*
A petition filed under rule 13 of the Rules of Practice of the Supreme Court, to establish the truth of exceptions and of a transcript of evidence and rulings thereon and instructions to the jury, which does not specifically set out in the affidavit accompanying it, the rulings upon which the exceptions were based nor that the transcript was "correct or incorrect as the case may be, and if incorrect, in what particular," must be dismissed and additional affidavit filed more than thirty days after the filing of the bill of exceptions will not be received for the purpose of covering omissions in the original affidavit.

(2)  *Bills of Exceptions.  Petition to Establish Truth of Exceptions. Change of Rule.*

While the court has power to alter its rules of practice relative to the prosecution of bills of exceptions, it is not certain that after steps have been taken in the filing and prosecution of a bill of exceptions it can so change a rule as to give life and legality to those steps and jurisdiction to itself, but in any event it would not deem it advisable to change an apparently reasonable and salutory rule, which has been enforced in numerous decisions because of a mere allegation that its enforcement would work an injustice in a particular case.

TRESPASS ON THE CASE for negligence.  Heard on motion of plaintiff to dismiss petition of defendant to establish truth of exceptions, etc., and granted.

BAKER, J.  This case is before the court on plaintiff's motion to dismiss the petition of the defendant to establish the truth of its exceptions and the correctness of the transcript of evidence.

This is an action of trespass on the case for negligence. It appears from the papers in the case certified to this court that it was tried before Mr. Justice Stearns and a jury on the 30th and 31st days of October, 1916, and that a verdict was rendered for the plaintiff in the sum of $5,000: The defendant filed a motion for a new trial, which was heard and denied.  Thereafterwards it duly filed a notice of its intention to prosecute a bill of exceptions, its request for a transcript of the entire record accompanied with a deposit of the estimated fee therefor, and within the time allowed therefor by the court the transcript of said record on March 24th, 1917, and said bill of exceptions on March 26th, 1917, were duly filed in the office of the clerk of said court.

Owing to the election of Mr. Justice Stearns as a member of this court before either of the dates last named, it became impossible for him to perform the duties devolving upon him under Section 19 of Chapter 298 of the General Laws relative to the allowance of the bill of exceptions and the transcript.

After the lapse of more than twenty days following the filing of said bill of exceptions and within thirty days thereafter, to wit, on April 18th, 1917, the defendant filed in this court its said petition, in which it sets forth the foregoing facts and prays " that the truth of its exceptions be established and the transcript of the evidence and the rulings thereon, and of the instructions to the jury be allowed, by this court as filed."

Attached to the petition was this affidavit:

" I, Herbert Almy, of the City and county of Providence in the state of Rhode Island, on oath say, I am the attorney of record in the case of *Marion Carr* v. *The Cranston Print Works Company,* and as such, am familiar with the travel of said case through the Superior Court, that the statement of the travel of said case contained in the foregoing petition is true to the best of my knowledge and belief. And I further say that the exceptions contained in the bill of exceptions in said petition referred to were duly taken at the trial of said case before a jury and noted by the Judge who presided at the trial and said bill of exceptions, transcript of evidence, etc., were duly filed in the Office of the Clerk of said Superior Court within seven days after notice of decision denying defendant's motion for a new trial.

" HERBERT ALMY.

" Subscribed and sworn to at Providence this 18th day of April, 1917.

" CHARLES H. McKENNA,
" Notary Public."

The grounds of the plaintiff's motion to dismiss are stated as follows:

" 1.  Said petition is not verified by affidavit accompanying the same, as required by Rule 13 of this Court.

"2. Said defendant has not set forth in its petition the rulings upon which the exceptions are based, as required by Rule 13 of this Court.

"3. Said defendant has not set forth in its affidavit accompanying its petition, the rulings upon which the exceptions are based, as required by Rule 13 of this Court.

"4. Said defendant has not accompanied its petition to determine the correctness of its transcript of the evidence by affidavit setting forth that the transcript, certified by the court stenographer is correct, as required by Rule 13 of this Court.

"5. Said defendant has not accompanied its petition to determine the correctness of its transcript of the evidence by affidavit setting forth that the transcript certified by the court stenographer is incorrect, and if incorrect, in what particular, as required by Rule 13 of this Court."

(1) So much of Rule 13 of this court as is pertinent to the questions now raised is as follows: "Every petition to establish the truth of exceptions shall be verified by affidavit accompanying the petition, setting forth the rulings upon which the exceptions are based; and every petition to determine the correctness of a transcript of testimony shall be accompanied by affidavit, setting forth that the transcript certified by the court stenographer is correct or incorrect, as the case may be, and if incorrect in what particular; and the petitioner shall within twenty-four hours after the filing of his petition deliver to the adverse party or his attorney of record a copy of the same and of the affidavits."

The petitioner in its brief admits "that the affidavit accompanying the petition when filed did not specifically set out the rulings upon which the exceptions were based." It is also apparent by inspection that said affidavit does not set forth "that the transcript is correct or incorrect, as the case may be, and if incorrect in what

particular." The first question for consideration is as to the effect of these omissions.

The provisions regulating the prosecuting of bills of exceptions are found in Sections 17 to 22 inclusive of Chapter 298 of the General Laws (first enacted in May, 1905, as part of the Court and Practice Act) and in certain rules of the Superior and Supreme Courts. In numerous cases litigants have been held to a strict observance of this statute and these rules.

In *Hartley* v. *R. I. Company*, 28 R. I. 157, on page 159, the court said: "A strict construction of statutes relating to bills of exceptions everywhere prevails. After a litigant has had his day in a court of general jurisdiction, with all the presumptions which exist in favor of the decision of a jury instructed by an educated and experienced judge, if he desires a review of his case in an appellate court he must apply for it in the time and in the manner prescribed by the statutes."

In *Smith* v. *Haskell Mfg. Co.*, 28 R. I. 91, it appeared that a litigant had failed to give the opposite party notice of filing his bill of exceptions within the time required by Rule 32 of the Superior Court. This court said, on page 93, " Upon the adoption of the rule so authorized, the same became a part of the law of the State, and governs the subject-matter to which it relates, and cannot be ignored. As it is of statutory origin, it can be changed, modified, or repealed only in the manner provided by the statute. Obedience to its mandate became a necessary step in the procedure to be taken in the prosecution of bills of exceptions," and held that it had no jurisdiction to consider the bill of exceptions.

In *Cole* v. *Davis Automobile Co.*, 33 R. I. 143, the petitioner seeking to establish the truth of his exceptions by petition failed to show compliance with Rule 13 of this court in delivering to the adverse party a copy of his petition and the affidavits. The court on page 149 after

quoting from *Smith* v. *Haskell Mfg. Co., supra,* the citation above given said: "This statement is equally applicable to the rule under consideration in this case" and dismissed the petition.

*Vassar* v. *Lancaster,* 30 R. I. 221, was heard upon defendant's petition to establish the truth of the exceptions, and the provisions of said Rule 13 were considered, as the petition did not ask to have the correctness of the transcript determined, and there was no affidavit as to its correctness or incorrectness. The court said on page 225: "Although the question has not been raised by the parties, still, as the jurisdiction of this court in the matter depends upon the regularity of the steps taken in bringing the exceptions here, it is necessary to consider it." And on page 228 it also said: "The defendant could have proceeded by petition, verified by affidavit, to establish the correctness of the transcript of testimony. He has not done so, however, but has contented himself with an attempt to establish only the truth of the exceptions claimed. This leaves the truth as to the rest of the proceedings at the trial unestablished." And the petition was dismissed. See, also, *Paull* v. *Paull,* 30 R. I. 253; *Matteson* v. *Benjamin F. Smith Co.,* 30 R. I. 198; *First Baptist Society* v. *Wetherell,* 29 R. I. 331; *McLean* v. *Wheelwright,* 31 R. I. 562; and *Beaule* v. *Acme Finishing Co.,* 36 R. I. 74, as further illustrations of the strictness with which the provisions for prosecuting bills of exceptions have been construed.

As the defendant has failed to comply with the provisions of Rule 13 it seems apparent that in conformity with the rules of construction stated in the decisions above cited the motion to dismiss should be granted.

(2)     The defendant, however, raises one other question. At the hearing on April 30th, 1917, on the motion to dismiss the defendant offered two affidavits, which are called supplemental affidavits, one made by its attorney

of record, the other by the court stenographer reporting the case in the Superior Court, for the purpose of covering the omissions in the affidavit on file and to comply with the requirements of Rule 13. The defendant urges that this is permissible, if not under the rule as it stands, at all events by the exercise of the power of the court to alter its own rules at will. The citations from decisions of this court above given make it plain that since the passage of the Court and Practice Act this court has uniformly held that its jurisdiction as to bills of exceptions and a transcript of testimony depends upon the regularity of the steps taken in bringing the exceptions and transcript here, both as to time and manner. Under the rule as it stands, if this court had not acquired jurisdiction of the case by the steps taken within the thirty days next after the filing of the bill of exceptions in the Superior Court, it could not acquire jurisdiction after the expiration of thirty days by the filing of additional affidavits. On April 30, 1917, more than thirty days had elapsed since the filing of the bill of exceptions on March 26, 1917. In some of said decisions the court has said that Rule 13 in proceedings like these has the effect of a statute. Of course the court has the power to alter it as it has in fact once done. We think, however, that it is by no means certain that the court at this late day can so change the rule as to give life and legality to the steps already taken and to itself jurisdiction. In any event, we would not deem it advisable to change an apparently reasonable and salutary rule, which has been considered, explained and enforced by the court in numerous decisions, of which all the members of the bar by the exercise of reasonable care and diligence can readily inform themselves, in response to the mere allegation of a defeated litigant that its enforcement in his case will work an injustice.

The defendant's petition to establish the truth of its

exceptions is dismissed and the papers in the original case are ordered to be returned to the Superior Court for Providence County.

*Flynn & Mahoney,* for plaintiff.
*Herbert Almy,* for defendant.