## MARY A. REDDINGTON vs. WALDO I. GETCHELL.

### JANUARY 23, 1920.

PRESENT: Sweetland, Vincent, and Stearns, JJ.

(1)  Exceptions.  Establishing Truth of Exceptions.  Time.

Where the power of the trial judge has absolutely and entirely ended, as by his elevation to the Supreme Court, the filing of a petition to establish the truth of exceptions prior to the expiration of the period of twenty days prescribed by Gen. Laws, 1909, cap. 298, § 21, is not premature.

(2)  Exceptions.  Establishing Truth of Exceptions.

After reciting various steps taken by the appellant a petition to establish the truth of exceptions continued "in order to establish the truth of said exceptions and the correctness of said transcript of testimony."

Held, that from the whole paragraph it sufficiently appeared that appellant was asking for a hearing for the purpose of establishing the truth of exceptions and transcript rather than for a final hearing upon exceptions which had neither been allowed or established.

(3)  Exceptions.  Affidavit.  Establishing Truth of Exceptions.

An affidavit to a petition to establish truth of exceptions under rule 13 which concluded "the plaintiff's ground of exception is the decision of the trial justice upon the admission or regulation of certain testimony as shown by the bill of exceptions annexed hereto" is adequate, the intention being to direct the attention of defendant to the bill for the information to which under the rule he would be entitled.

(4)  Exceptions.  Affidavit.  Transcript of Testimony.

On a petition to establish truth of exceptions the affidavit of counsel did not mention the transcript of testimony, but the stenographer filed an affidavit that "the transcript made by me is a true record according to my notes."

Held, that the affidavit was sufficient prima-facie, to establish the correctness of the transcript.

PETITION to establish truth of exceptions. Heard on motion of defendant to dismiss and denied.

VINCENT, J.  This case comes before us upon the motion of the defendant to dismiss the petition of the plaintiff to establish the truth of her exceptions.  The defendant claims that this court is without jurisdiction to consider said petition, it not having been filed in conformity with the statute, General Laws, 1909, Sec. 21, Chap. 298.

The bill of exceptions was filed December 6, 1919, and the plaintiff's petition was filed December 8, 1919.

The petition sets forth that "the trial justice who presided at the trial of said case . . . is no longer a member of said Superior Court and hence cannot within the period of twenty days after such filing act upon or return the same or disallow, alter or refuse to alter the same as required by statute," etc.

Section 21 of the statute referred to is as follows: "Sec. 21. If the justice who presided at the trial shall, for a period of twenty days after a bill of exceptions has been filed, fail to act upon or return the same, or shall disallow, alter, or refuse to alter the same, and either party is aggrieved thereby, the truth of the exceptions may be established before the supreme court upon petition stating the facts, filed within thirty days after the filing of the bill of exceptions in the superior court; and thereupon, the truth of the exceptions being established in such manner as the court shall by rule prescribe, they shall be heard and the same proceedings taken as if the exceptions had been duly allowed and filed. And upon such petition being filed, the supreme court may order the clerk of the superior court to certify and transmit to the clerk of the supreme court the papers in the cause."

(1) The defendant argues that, inasmuch as the basis of a petition to this court to establish the truth of exceptions is the failure of the trial justice to act upon such exceptions, and that the statute having fixed a period of twenty days within which such action may be taken, any proceeding prior to the expiration of such period would be premature, would not comply with the statute, and would entitle the defendant to a dismissal of the petition. In other words, that the plaintiff cannot under any circumstances assume that the trial judge will not act upon the bill of exceptions but that the final determination of that question can only be reached with the expiration of twenty days.

While this question is quite technical in its character we do not view it with disfavor for that reason nor deem it less deserving of our careful consideration.

Upon the elevation of the justice who heard the motion for a new trial to this court, he ceased to be a member of the Superior Court and his power to further exercise any of the functions of a justice of that court became wholly terminated. The evident purpose of the statute, in fixing a period of twenty days within which the trial justice is required to act upon a bill of exceptions, was to afford him a fair opportunity for such examination of the matters connected therewith as might be necessary, but we do not think it was intended as a positive temporary bar to other proceedings, as for instance, to establish the truth of exceptions in a case where the power of the trial judge to act had entirely and absolutely ended. In such a situation it is a foregone conclusion that if the losing party desires to prosecute his bill of exceptions he can only do so by getting their truth established by petition to this court. Under such circumstances we cannot see that such a proceeding instituted within the twenty days and after the trial judge has become powerless to act invades any rights of the defendant or in any way operates to his disadvantage.

The defendant does not contend that if within the twenty days the trial judge had disallowed, altered or refused to alter the bill of exceptions the aggrieved party could not forthwith file his petition at any time thereafter without waiting for the expiration of the twenty day period. In that case the trial judge would have exhausted his power through its exercise while in the case at bar the exercise of the power had become impossible. We think it would be somewhat illogical to say that the statute should receive the restricted interpretation for which the defendant contends in the one case and a more liberal and broader construction in the other.

The defendant cites the case of *Hartley* v. *Rhode Island Co.*, 28 R. I. 157 in support of the proposition that not until

the expiration of twenty days after the filing of the bill of exceptions could acquire jurisdiction to establish the truth of the exceptions. In that case it does not appear that the trial judge had absolutely and forever lost his power to act but simply that he had failed to act within twenty days and that no petition to establish the truth of the exceptions had been filed within thirty days after the bill of exceptions had been filed in the clerk's office. That case neither presented nor suggested the question which is now before us in the case at bar. The question here is not based upon any failure of the trial judge to act within a period of twenty days which has elapsed, nor is it based upon any failure of the defendant to take any action within a period prescribed by rule or statute.

The defendant also cites *Carr* v. *Cranston Print Works,* 40 R. I. 376, and argues that certain language used by the court in its opinion recognizes the validity of the claim which he now makes. That case however dealt (1) with the sufficiency of the affidavit accompanying the petition to establish the truth of the exceptions and (2) whether a supplementary affidavit covering the admitted omissions of the first affidavit and filed after the expiration of thirty days, the time limited by the rule, could be regarded as a compliance therewith. The part of the opinion quoted by the defendant, when read with its context, is nothing more than a description of the steps which had been pursued in that particular matter and has no bearing upon the question now being considered.

The defendant raised certain other questions: (1) That the petition contains no prayer that the truth of the exceptions and the correctness of the transcript be established; (2) that the petition is not verified by affidavit setting forth the rulings upon which the exceptions are based as required by rule 13 of this court; and (3) that the petition is not accompanied by an affidavit setting forth that the transcript certified by the court stenographer is correct or incorrect as the case may be as required by said rule 13.

After reciting the various steps taken by the plaintiff, the petition continues with and contains the following words; "in order to establish the truth of said exceptions and the correctness of said transcript of testimony." While the succeeding portion of the paragraph from which the above is quoted is unskilfully worded and somewhat confused we think that it sufficiently appears that the defendant is asking for a hearing before this court for the purpose of establishing the truth of the exceptions and transcript, rather than for a final hearing upon exceptions which had neither been allowed or established.

The affidavit in verification of the petition does not appear to have been very skilfully prepared. The defendant objects to its validity on the ground that it does not set forth the rulings upon which the exceptions are based as required by rule 1. The conclusion of the affidavit is, "the plaintiff's ground of exception is the decision of the trial justice upon the admission or regulation of certain testimony as shown by the bill of exceptions annexed hereto" and the plaintiff now claims that such reference to the exceptions is sufficient to make them a part of the affidavit and to bring the affidavit into conformity with the rule. A more careful preparation of the affidavit would have avoided this question. The object of the rule is to point out to the opposite party and to define with such particularity as will enable him to readily comprehend them, the rulings which are to be the subject of argument in this court. It is evident that it was the intention of the affiant in referring in his affidavit to the bill of exceptions as "annexed hereto" to direct the attention of the defendant to said bill for the information to which, under the rule, he would be entitled. The affiant in speaking of the bill of exceptions and making use of the phrase "annexed hereto" has not added the words "and made a part hereof" but as there could have been no other object in the annexation than to bring about such an introduction we think that we must hold that the affidavit is adequate.

(4)	The last point which the defendant makes is that there is no sufficient verification to the correctness of the transcript of evidence. The affidavit of counsel which we have already discussed does not mention the transcript. The transcript in the present case bears the usual certification of the stenographer and in addition thereto there is her affidavit that "the transcript made by me is a true record according to my notes." It is true that the language quoted imports some limitation but it must be remembered that the stenographer is an officer sworn to correctly transcribe the testimony; that her knowledge as to the correctness of the transcript would doubtless be equal, if not superior, to that of anyone else and that counsel have an opportunity for examination and to seek the correction of any errors or omissions which such examination may bring to light. We think that the stenographer in this case goes as far as she could be expected to go, having a due regard for her oath, and that her testimony thus given is sufficient, *prima facie,* to establish the correctness of the transcript.

The defendant's motion to dismiss the plaintiff's petition is denied.

*Charles R. Easton,* for plaintiff.

*Huddy, Emerson & Moulton. E. Butler Moulton,* for defendant.