GERTRUDE HARTLEY *vs.* RHODE ISLAND COMPANY.

FEBRUARY 6, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Bill of Exceptions.*

The privilege of review by a bill of exceptions is contingent upon a diligent observance of the conditions imposed.

The intent of C. & P. A., § 494, allowing the justice who presided at the trial twenty days within which to act upon exceptions and permitting any party aggrieved by his action to establish the exceptions before the Supreme Court by petition filed within thirty days after the filing of the bill of exceptions, is to deprive the justice who presided at the trial of any jurisdiction in the matter after the expiration of the twenty days.

Where a bill of exceptions was not allowed by the justice who presided at the trial within twenty days after it was filed in the clerk's office, and no petition to establish the truth of the exceptions was filed in the Supreme Court within thirty days after the bill was filed in the clerk's office, the Supreme Court has no jurisdiction to entertain the bill of exceptions and it will be dismissed.

TRESPASS ON THE CASE for negligence.  Heard on motion to dismiss defendant's bill of exceptions, and granted.

DOUGLAS, C. J.  This is a motion to dismiss a bill of exceptions presented to this court, on the ground that the bill and transcript have never been duly allowed nor the truth of the exceptions duly established, the bill having been filed in the Superior Court, September 24, 1906, and signed by the judge, November 10, 1906.

The privilege of review by a bill of exceptions is given by C. & P. A. §§ 490 to 497 (in.), and, as we said of petitions for new trials in *Haggelund* v. *Oakdale Mfg. Co.*, 26 R. I. 520, 523, is contingent upon a diligent observance of the conditions imposed.

The following are the provisions of the court and practice act on this subject:

"SEC. 492.  The clerk, immediately upon the filing of a bill of exceptions, shall present the same, with the transcript, if any, to the justice who presided at the trial; and if upon examination thereof, after hearing the parties, he shall find the

exceptions, evidence, rulings, instruction, and findings correctly stated, he shall allow them. In all cases the exceptions and transcript shall be restored by the justice to the files of the clerk, with a certificate, signed by him, of his action thereon.

"SEC. 493. Upon a bill of exceptions being allowed and restored to the files, the clerk of the superior court shall forthwith certify and transmit the papers in the cause to the clerk of the Supreme Court.

"SEC. 494. If the justice who presided at the trial shall, for a period of twenty days after a bill of exceptions has been filed, fail to act upon or return the same, or shall disallow, alter, or refuse to alter the same, and either party is aggrieved thereby, the truth of the exceptions may be established before the supreme court upon petition stating the facts, filed within thirty days after the filing of the bill of exceptions in the superior court; and thereupon the truth of the exceptions being established in such manner as the court shall by rule prescribe, they shall be heard and the same proceedings taken as if the exceptions had been duly allowed and filed. And upon such petition being filed, the supreme court may order the clerk of the superior court to certify and transmit to the clerk of the supreme court the papers in the cause."

(1)  The statute thus gives the justice who presided at the trial twenty days within which to consider and act upon the exceptions. If his action within that time aggrieves either party, such party within thirty days from the time the bill was filed may apply by petition to this court to establish the exceptions as he conceives the truth to be. If the justice neglects to act at all within the twenty days, the party who is aggrieved by his inaction may apply to this court within the thirty days. The manifest intent of the act is to deprive the justice who presided at the trial of any jurisdiction in the matter after the expiration of the twenty days. While the act does not specifically declare this, it confers upon the parties rights which are inconsistent with an extension of the power of the justice beyond the twenty days. If the power to sign exceptions may be exercised beyond the twenty days it may be exercised beyond the thirty days, and so the act or neglect to act would become

final and the parties, though aggrieved, would be precluded from any remedy by petition to this court. The two provisions must be read together, and if so, the obvious limitation of time must be set to the jurisdiction of the Superior Court justice.

The counsel for defendant asks us to read into the statute the word "willfully" before neglect; but if we could thus amend the law it would remove the objection only in one contingency.

As urged by plaintiff's counsel: If the Superior Court could hold a bill of exceptions beyond twenty days and validly allow it, then it could hold one beyond twenty days and validly disallow or alter it. If held beyond thirty days and altered or disallowed, the excepting party would have no remedy; if held beyond thirty days and allowed against the objection of the opposing party whose requested alterations were refused, then such opposing party would have no remedy.

The construction which we place upon this statute is the only one consistent with its apparent plan and purpose. Stringent directions precede the sections quoted for giving notice of intention and filing the bill of exceptions. Definite periods of time are limited for the process, in which the only delay allowed is on account of the necessity of procuring the transcript of evidence. After the bill is filed the clerk must act immediately; the justice must decide within twenty days and application to this court, as a last resort, must be made within thirty days. The whole arrangement is designed to promote diligence, and the alternative to compliance is inevitably a loss of the right to prosecute the exceptions.

A strict construction of statutes relating to bills of exceptions everywhere prevails. After a litigant has had his day in a court of general jurisdiction, with all the presumptions which exist in favor of the decision of a jury instructed by an educated and experienced judge, if he desires a review of the case in an appellate court he must apply for it in the time and manner prescribed by the statutes.

As the defendant's bill of exceptions in this case was not allowed by the justice who presided at the trial within twenty days after it was filed in the clerk's office, and as no petition

to establish the truth of the exceptions was filed in this court within thirty days after the bill was filed in the clerk's office, we can not entertain it, and it must be dismissed and the cause remanded to the Superior Court for judgment on the verdict.

*John W. Hogan and Philip S. Knauer*, for plaintiff.

*Henry W. Hayes and Frank T. Easton*, for defendant.