HENRIETTA H. VASSAR, *et al.*, *vs.* GEORGE A. LANCASTER.

DECEMBER 31, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Exceptions.*

A notice of intention to prosecute a bill of exceptions can not take the place of an exception to the decision of a justice of the Superior Court denying a motion for a new trial.

(2) *Establishing Truth of Transcript.*

C. P. A., § 494, provides for establishing the truth of the exceptions, when they have been disallowed, "in such manner as the court shall by rule prescribe."

Rule 13 of the Supreme Court provides the procedure upon "every petition for allowance of a bill of exceptions or for determining the correctness of a transcript of testimony":—

*Held*, that the truth of exceptions must be established by the ascertainment of the truth as to the testimony offered and the rulings of the court upon the offer of said testimony, and the truth or lack of truth of the exceptions will appear from the transcript if its correctness is established, but the provisions of C. P. A., § 494, and of rule 13, would not be necessary if the transcript was the only source of information as to its own correctness.

*Held*, further, that, where it appeared that the grounds of disallowance of a transcript were entirely untenable as to the transcript, considered by itself, the way was still open to establish the truth of the exceptions by establishing the truth as to the proceedings at the trial in the manner provided in section 494 and rule 13, and this right was not defeated by the disallowance of the transcript by the judge.

*Held*, further, that the defendant, not having proceeded by petition verified by affidavit to establish the correctness of the transcript, but having contented himself with an attempt to establish only the truth of the exceptions, left the truth as to the rest of the proceedings at the trial unestablished, and the exceptions, therefore, if established, could not be considered.

COVENANT. Heard on petition to establish truth of exceptions, and dismissed.

JOHNSON, J. Action for breach of covenant to pay rent, and for breach of other covenants under a lease.

A trial in the Superior Court resulted in a verdict for the plaintiff for $522. Within seven days after verdict the defendant filed a motion for a new trial, on the grounds:

"1. That the verdict was against the evidence;

"2. That the verdict was against the law;

"3. That the presiding justice erred in the reception of certain testimony offered by the plaintiff and objected to by the defendant;

"4. That the presiding justice erred in excluding certain testimony offered by the defendant;

"5. That the defendant has, since the trial of said action, discovered new and material evidence, as shown by the affidavits filed with this petition."

This motion was heard, and on September 10, 1908, was denied. September 11, 1908, the defendant filed a notice of his intention to prosecute a bill of exceptions; and the time for filing the same and the transcript of the evidence was extended to October 21, 1908, on which date the bill of exceptions and transcript of the evidence were filed. November 7, 1908, the justice who presided at the trial disallowed the bill of exceptions on the ground that no exception had "been taken within seven days of decision." November 20, 1908, the defendant filed a petition in this court, under § 494, C. P. A., to establish the truth of the exceptions stated in said bill of exceptions.

The bill of exceptions is as follows:

"The defendant in the above entitled action, now comes and files this his bill of exceptions and for grounds thereof states:

"First. The defendant excepts to the decision of the Superior Court, denying the defendant's motion for a new trial, which said motion was based upon the following grounds:

"1. That the verdict was against the evidence;

"2. That the verdict was against the law;

"3. That the presiding justice erred in the reception of certain testimony offered by the plaintiff and objected to by the defendant;

"4. That the presiding justice erred in excluding certain testimony offered by the defendant;

"5. That the defendant has since the trial of said action discovered new and material evidence, as shown by the affidavits filed with this petition.

"Second. The presiding justice erred in allowing the witness Corcoran to answer questions numbered 80 and 81, 265, 266, and 267.

"Third. The presiding justice erred in excluding certain

testimony offered by defendant in question 208 to Lancaster."

The petition to establish the truth of the exceptions, after stating (1) the bringing of the action, (2) the trial, and (3) the filing of a motion for a new trial and the denial of the same, is as follows:

"4. That on the 11th day of September, A. D. 1908, your petitioner filed in the office of the clerk of the Superior Court his written notice of intention to prosecute his bill of exceptions and a motion to have the Court fix the time within which such exceptions should be filed, together with a transcript of the evidence and the rulings thereon referred to, and an order was made by said presiding justice requiring said transcript of evidence and bill of exceptions to be filed in the office of the clerk of said Court on or before the 21st day of October, A. D. 1908.

"5. That said transcript of evidence and bill of exceptions were filed in said office of the clerk of said Court on the 21st day of October, A. D. 1908, and the presiding justice at said trial has refused to allow any of said exceptions.

"The said petitioner therefore within thirty days after the filing of said bill of exceptions in the Superior Court now comes and files this his petition in compliance with section 494 of the Court and Practice Act, and of the other acts in amendment thereof or in addition thereto, and a copy of the exceptions referred to, and asks that the same may be heard and the same proceedings taken thereon as if said exceptions had been duly allowed by said justice, and that this Court will order the clerk of the Superior Court to certify and transmit to the clerk of this Court all the papers in said cause, including said transcript of evidence and exceptions and that the defendant may have a hearing before this Court upon said exceptions and the transcript of testimony, and a decision of this Court sustaining said exceptions and granting him a new trial of said action.

"GEORGE A. LANCASTER, by his attorney,

"CLARK BURDICK."

The following affidavit is attached to the petition:

"I, Clark Burdick, hereby make affidavit and say that I was the counsel for the defendant at the trial of the foregoing

entitled action; that at said trial the plaintiff offered as a witness a man by the name of Corcoran, and he was asked by counsel for the plaintiff the following questions:

'"Now how much would it cost to pump out those mines so that the pumps could be used? to which question objection was made on the ground that the witness was not qualified to answer, and which said question the witness was permitted to answer and exception was duly noted:

"That at said trial said witness Corcoran was asked the following question:—'Do you know what they (the pumps) cost when they were bought?' to which question objection was made on the ground that it was improper and immaterial, and which said question the witness was permitted to answer and exception was duly noted:

"That at said trial the defendant offered in evidence the following letter which it was shown had been received by the plaintiff, namely:

"'15 Pemberton Sq.,

"'Room 803–4,

"'Boston, Mass., Jan. 8, 1907.

"'Mr. William I. Holmes,

"'Trustee Estate George M. Rice.

"'*Dear Sir:*

"'I desire to make you the following proposition relative to a lease of the Coal Mine at Portsmouth, R. I.

"'I will accept a lease of the premises in the general terms of those heretofore granted on the following conditions.

"'First. That I am to have six months from date of lease, rent free in which to pump out the mine.

"'Second. That I am to pay $300 per month thereafter for eight months instead of $500 per month as in former lease.

"'Third. That after fourteen months from date of lease the rent or royalty be at least $500 per month as in former lease.

"'If these conditions are satisfactory I will pay as evidence of good faith $1,000 at signing the paper, this amount to be credited against the rent.

"'Yours truly,

"'G. A. Lancaster.'

that the justice presiding refused to allow the introduction of said letter and exception was duly noted.

"That the above questions to witness Corcoran are the basis of defendant's *second* ground of exception as set forth in his bill; and that the exclusion of said letter is the basis of his *third* ground:

"That the defendant's *first* ground of exception is the decision of the justice denying his motion for a new trial.

"CLARK BURDICK.

"Subscribed and sworn to
    "this November 19, 1908.

        "PARKER BRAMAN,
        "*Notary Public.*"

(1)     As to the first exception, it is plain from the record that no exception was taken to the decision of the justice of the Superior Court, denying the defendant's motion for a new trial, in manner provided by § 483, C. P. A.

The defendant contends that his notice of intention to prosecute a bill of exceptions, filed September 11, 1909, should be construed as an exception to said decision. This notice, however, was necessary in order to prosecute his bill of exceptions at all, not only to the denial of his motion for a new trial, but also to the admission and rejection of evidence at the trial. We do not think that it can be made to take the place of the exception in such case required to be taken as provided in § 483, C. P. A.

When we come to the consideration of the second and third exceptions sought to be established, it is to be noted that the transcript of evidence was disallowed upon the same date as the bill of exceptions by the justice who presided at the trial, the justice stating specifically in his certificate that the disallowance was "for reasons stated on the bill of exceptions." Although the question has not been raised by the parties, still, as the jurisdiction of this court in the matter depends upon the regularity of the steps taken in bringing the exceptions here, it is necessary to consider it.

(2)     Section 494, C. P. A., provides that "if the justice who presided at the trial shall, for a period of twenty days after a bill

of exceptions has been filed, fail to act upon or return the same, or shall disallow, alter, or refuse to alter the same, and either party is aggrieved thereby, the truth of the exceptions may be established before the supreme court upon petition stating the facts, filed within thirty days after the filing of the bill of exceptions in the superior court; and thereupon the truth of the exceptions being established in such manner as the court shall by rule prescribe, they shall be heard and the same proceedings taken as if the exceptions had been duly allowed and filed. And upon such petition being filed, the supreme court may order the clerk of the superior court to certify and transmit to the clerk of the supreme court the papers in the cause."

Rule 13 of the Supreme Court is as follows:

"Every petition for allowance of a bill of exceptions or for determining the correctness of a transcript of testimony in this court shall be verified by affidavit accompanying the petition, setting forth in full the rulings upon which the exceptions are based or the grounds of objection and all facts material thereto, and the petitioner shall within twenty-four hours after the filing of his petition deliver to the adverse party or his attorney of record a copy of the same and the affidavits annexed thereto. The adverse party may file counter affidavits within ten days after receiving the copies aforesaid, and the court may grant further time to the petitioner to reply in its discretion; and thereafter the petition shall stand for assignment and hearing on motion of either party.

"If the papers in the case shall not have been transmitted to this court upon the filing of the petition, the court will order the same transmitted when the exceptions are allowed."

The transcript of evidence is not mentioned in section 494, C. P. A. Rule 13 provides the procedure upon "Every petition for allowance of a bill of exceptions or for determining the correctness of a transcript of testimony." The truth of exceptions taken at the trial must be established, if established at all, by the ascertainment of the truth as to the testimony offered and the rulings of the court upon the offer of said testimony and upon other matters at said trial. The truth or the lack of truth of the exceptions will appear from the transcript of the testimony if the correctness of the transcript is estab-

lished. This is usually done by the allowance by the judge of the transcript as certified by the official stenographer who took the testimony at the trial, or as shown upon hearing before him in case the correctness of the transcript is brought in question by the parties. Section 494, C. P. A., provides that the *truth of the exceptions* may be established before the Supreme Court upon petition stating the *facts*. Rule 13 provides that "Every petition for allowance of a bill of exceptions or for determining the correctness of a transcript of testimony shall be verified by affidavit accompanying the petition, setting forth in full the rulings upon which the exceptions are based or the grounds of objection and all facts material thereto." The rule further fixes the time within which the petitioner shall deliver to the adverse party or his attorney a copy of the same and the affidavits annexed thereto; the time within which the adverse party may file counter affidavits; and provides that the court may grant further time to the petitioner to reply in its discretion. These provisions of section 494 and of rule 13 would not be necessary if the transcript was the only source of information as to its own correctness. It is clearly evident that the object sought is the establishment of the truth as to the proceedings at the trial below; and the truth as to such proceedings, when shown, either establishes or fails to establish the truth of the exception or exceptions claimed. In the case at bar the transcript of testimony was not disallowed by the trial judge upon the ground that it was incorrect. It appears from his certificate of disallowance that the grounds of disallowance were entirely untenable as to the transcript of testimony considered by itself, as its validity or correctness could in no way depend upon the fact that no exception had been taken within seven days to the denial of the motion for a new trial. That ground was valid only as to the exception claimed in the bill to the denial of said motion. The transcript when its correctness is finally established is conclusive evidence as to the proceedings at the trial. Until that has been done, however, the way is still open to establish the truth of the exceptions by establishing the truth as to the proceedings at the trial in the manner provided in section 494 and in rule 13 thereunder. The right of the defendant to proceed under said section, and in the

manner provided in said rule to establish the truth of his exceptions was not defeated by the disallowance of the transcript of testimony by the trial judge. The defendant could have proceeded by petition, verified by affidavit, to establish the correctness of the transcript of testimony. He has not done so, however, but has contented himself with an attempt to establish only the truth of the exceptions claimed. This leaves the truth as to the rest of the proceedings at the trial unestablished.

The second and third exceptions, therefore, if established, could not be considered. In order to decide them it would be necessary to have before the court a correct transcript of the whole testimony in order to understand the grounds of the rulings to which said exceptions were taken. *In re Stillman*, 28. R. I. 297.

Petition dismissed, and papers in the original case ordered returned to the Superior Court.

*Sheffield, Levy & Harvey*, for plaintiffs.
*Edwards & Angell*, for defendant.
*Seeber Edwards*, of counsel.