JAMES O. HAMBLY, p. a. *vs.* BAY STATE ST. RAILWAY CO.

FEBRUARY 26, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1) Bills of Exceptions. Motion to Dismiss.*

Where counsel claimed that no time was fixed by the court for hearing on the bill of exceptions of the adverse party and that no notice was given him of any hearing as required by rule 31 of the rules of practice of the Superior Court, it was his duty upon discovering that the case had been removed for review and that the transcript had been allowed by the trial justice, if he claimed that such allowance was irregular or prejudicial to his client, to raise such question without further delay and where he waited at least three months, until such lapse of time had rendered it impossible to establish through the recollection of the court and counsel for appellant definitely and conclusively the procedure which was followed, a motion to dismiss the bill will be denied.

*(2)  Bills of Exceptions.  Allowance.*

Since neither the trial court nor the clerk is required by law to make written record of the facts relative to fixing a time for hearing on allowance of a bill of exceptions or of the giving of the notice to parties of the hearing, where bills are allowed on oral statement of counsel to the court, either the court or clerk should make a record of the giving of notice, of the appearance of parties or their waiver of the right to formal notice and to be heard.

*(3)  Bills of Exceptions.*

Where the appellant's bill of exceptions and transcript were properly allowed within the statutory time, appellant was under no duty to see that the trial justice gave the appellee a hearing and notice thereof, but it was within the power of appellee if he had followed the record to have made timely objection to the action of the court in allowing the bill and transcript without a hearing, and a statutory remedy was provided by Gen. Laws, 1909, cap. 298, § 21, for his relief.  As appellant followed the travel of the case and appellee did not, if either party is to suffer from failure of the court to observe statutory conditions it should not be appellant.

TRESPASS ON THE CASE for negligence.  Heard on motion of plaintiff to dismiss defendant's bill of exceptions and denied.

STEARNS, J.  This is a motion made by the plaintiff to dismiss the defendant's bill of exceptions.

The action, which was one of trespass on the case for negligence, was tried before a jury in Newport County and resulted in a verdict for the plaintiff.  April 20, 1918, the motion of defendant for a new trial was denied by the Superior Court.  The defendant duly excepted to the decision and on the 22nd day of April, 1918, filed in the office of the clerk notice of its intention to prosecute a bill of exceptions to the Supreme Court, ordered the transcript of testimony and deposited with the clerk of the court the estimated fees for transcribing the testimony as required by the provisions of Sec. 17, Chap. 298, Gen. Laws, 1909. Thereupon it was ordered by the trial court that the bill of exceptions and transcript of evidence should be filed in the clerk's office on or before June 9, 1918.  June 3, 1918, by order of the court, the time for filing the bill of exceptions and transcript of evidence was extended to June 24, 1918. The transcript of evidence was filed on the 14th day of June and the bill of exceptions on the 19th of June, 1918.  On

the 24th of June, 1918, the bill of exceptions and transcript of evidence were allowed by the trial justice and the case was forthwith certified to the Supreme Court by the clerk. October 9, 1918, the plaintiff's attorney took out the transcript of testimony from the office of the clerk of the Supreme Court in Providence for which he gave his receipt, as follows:

"Supreme Court
Oct. 9th A. D. 1918

JAMES OTIS HAMBLY
*vs.*    } No.    .
BAY STATE ST. R. R. Co.

(1)    Received the transcript of evidence in the above entitled cause, in accordance with Rule No. 18, to be kept until October 30th 1918 at 10 o'clock A. M., and then returned without demand made therefor.

MAX LEVY    Pltffs Atty."

On January 2, 1919, the plaintiff filed this motion to dismiss defendant's bill of exceptions. The plaintiff alleges that the trial justice to whom the bill of exceptions was presented for allowance did not fix any time for hearing thereon; that no notice was given to him of any hearing as required by Rule 31 of the Rules of Practice of the Superior Court; and that said justice did not give plaintiff a hearing upon the question of the allowance of said bill as provided for by Sec. 19, Chap. 298, Gen. Laws, 1909. For these reasons the plaintiff claims that the bill of exceptions is not properly before this court. Neither the trial justice nor the clerk of the Superior Court for the County of Newport has any record in regard to the facts complained of by the plaintiff. The trial justice in an affidavit on file in this case states that it is his custom to give notice to the attorneys before hearings on the question of allowance of bills of exceptions, either by letter when they reside out of town but generally through the clerk in all cases; in the case in question he does not think that the parties were present at the time of said allowance; that he does not now remember

whether or not he had given notice to counsel by letter or through the clerk or otherwise of the time of the hearing; that the time which has elapsed since said allowance is so long and the matter has been out of his mind so long that he cannot now recall any details in connection with the same.

Counsel for defendant in his affidavit states that either on June 21 or June 22, 1918, he gave to counsel of the plaintiff written notice of the filing of the bill of exceptions and also delivered to him a copy of the bill; that he was not present when the bill and transcript were allowed but to the best of his recollection he had notice of the hearing on the same, although he cannot remember how or by whom said notice was given; that after the cause had been carried to the Supreme Court the matter of the allowance of the bill and transcript was never called to his attention until January 3, 1919, when notice was given of the filing of this motion to dismiss; he is now unable to recall positively any details in connection with the matter.

Counsel for the plaintiff testified, before this court, that he had no recollection of receiving notice of the filing of the bill; he had no notice either from the trial justice or the clerk of the court that a time had been fixed for hearing upon the allowance of bill and transcript; that he was not present at any hearing, if one was had; and that he is unable to state definitely the time when he first discovered that the bill and transcript had been allowed.

The receipt given for the transcript shows that counsel for plaintiff had knowledge at least as early as the 9th of October, 1918, of the fact that the case was then in the Supreme Court and of the allowance of the transcript by the trial justice. If counsel at that time claimed that the allowance by the court was irregular or prejudicial to the rights of his client, he should have raised the question without further delay. The fact that he waited for three months, if not longer, before raising the question, in the circumstances, has worked to the disadvantage of the defendant in that the delay has made it impossible to estab-

lish now definitely and conclusively the procedure which was followed in this case. Neither the trial court nor the clerk of the court is required by law to make written record of the facts in dispute. The practice heretofore in counties other than Providence, where the sessions of the Superior Court are not continuous, has been more or less informal, as the court is in such counties at fixed intervals only, and for limited periods. It frequently happens that transcripts of testimony and bills of exceptions are presented by counsel, for allowance to the trial justice who allows the same on the oral statement of counsel to the court, given together or at different times that there is no objection to the allowance of the transcript and bill.

(2)

This practice, although informal, has tended to facilitate the business of the court, and has been a convenience to counsel. If however this practice is to be continued, it is apparent that either the trial justice or the clerk should make a record of the giving of notice, of the appearance of the parties or their waiver of the right to formal notice and to be heard.

We think on the facts of this case the court is warranted in finding that the regular procedure was followed by the trial justice and the clerk of the court, and that counsel for the plaintiff, as well as the trial justice, by reason of the lapse of time, has forgotten. This conclusion is strengthened by the fact, that apparently counsel had no ground for objection to the allowance of the bill and transcript as no claim is now made that there is any error therein and consequently had no reason to attend a hearing before the trial justice on the matter of the allowance, if notice was given to him. The motion should be denied on another ground also.

(3)    This court has repeatedly held that the right of review by bill of exceptions is contingent upon a diligent observance of the conditions imposed by statute and rule of court. See *Carr* v. *Cranston Print Works,* 40 R. I. 376, and cases cited therein. The conditions referred to are such as are imposed

by statute or rule of court upon the parties to the litigation or to such other conditions over which they have the power of control or can comply with.  The defendant in this case has fulfilled every requirement of the statute and the rules of court.

If there has been any failure to observe the statutory requirements it is the failure by the trial justice or the clerk. The defendant had no power to compel either the trial justice or the clerk to perform the acts required by statute; if they failed to act within a certain time the statute prescribed the method by which its bill of exceptions should be brought to this court.  The defendant was diligent and was not guilty of any negligence.  The record showed that the bill and transcript were properly allowed within the statutory period.  As the bill and transcript were presented by the defendant, there was no reason for defendant to attend a hearing on the allowance thereof unless objection was taken thereto.  The argument of plaintiff in effect is that it was the duty of defendant to see to it that the trial justice performed his duty of giving the plaintiff a hearing and notice thereof.  We think this obligation in the circumstances rested upon the plaintiff and not upon the defendant, as it was within the power of plaintiff if he had followed the record of the case to have made timely objection to the action of the court in allowing the bill and transcript without a hearing thereon.

The power of this court to revise the action of the Superior Court and the right of litigants to have such revision is given by the constitution of this State; the procedure by which such revision may be secured is provided by statute, and is to be construed as a system of reasonable rules, by the observance of which a litigant may secure the right of revision.  See *Hart Wood & Lumber Co.* v. *Sea View R. R. Co.*, 29 R. I. 530.  The only party aggrieved by the action of the court, if plaintiff's contention is correct, was the plaintiff and a statutory remedy was provided for him by the provisions of Sec. 21, Chap 298.  The defendant followed

the travel of the case and the plaintiff did not. If either party is to suffer from the failure of the court to observe certain statutory conditions, it certainly should not be the defendant.

Our conclusion is that the bill of exceptions is properly before this court. The motion to dismiss is denied.

*Max Levy*, for plaintiff.

*David R. Radovsky*, of counsel.

*Sheffield & Harvey*, for defendant.