SPRINGALL & COMPANY, INC. *vs.* MARTIN V. CASS, SR., *et als.* Trustees.

DECEMBER 8, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Bills of Exceptions.   Allowance.*

Where a justice of the Superior Court allowed a bill of exceptions and the transcript, but did not hear the parties before the allowance nor in accordance with rule 31 of the Superior Court in actions at law, fix a time for hearing and no written notice of hearing was given to the parties, the allowance was a nullity.

*(2)   Bills of Exceptions.   Allowance.   Hearing on Truth of Exceptions.*

Where the allowance of a bill of exceptions was a nullity owing to the fact that the court disregarded the statutory provisions, the matter will proceed in accordance with sec. 21, cap. 348, Gen. Laws, 1923, which provides that when a justice of the Superior Court fails to act upon a bill of exceptions within twenty days after it is filed, the cause shall be certified to the Supreme Court; and the cause having been certified to the court, under the proceedings which were a nullity and being in the court, the parties should proceed in accordance with the further provisions of section 21, providing for assignment for hearing on the truth of the exceptions and transcript.

CAUSE certified on plaintiff's bill of exceptions. Heard on defendant's motion to dismiss bill of exceptions and denied.

SWEETLAND, C. J. The above entitled cause has been certified by the Superior Court to this court upon the plaintiff's bill of exceptions.

The case is before us at this time upon the defendants' motion to dismiss the bill, and the plaintiff's motion to assign the case for hearing on the merits of the exceptions.

The case was tried before a justice of the Superior Court sitting with a jury. On defendants' motion the justice adjudged the plaintiff nonsuit. To this action of the justice the plaintiff excepted and duly filed its bill of exceptions, stating therein its exception to the nonsuit and also its exception taken to another ruling of the justice made in the course of the trial. The papers in the case have been certified and transmitted to us. It appears upon the record that the bill of exceptions and the transcript of evidence were allowed by said justice, but it does not there appear that the justice, as required by the statute, heard the parties before he allowed the bill of exceptions, nor that, in accordance with rule 31 of the Superior Court in actions at law, he fixed a time for hearing, and that written notice of such hearing was given to the parties. From the record, and the statements of counsel before us, we must find that neither of these requirements of the statute and the rules was observed. We therefore hold that the allowance by the justice was a nullity.

In *Hambly* v. *Bay State St. Railway Co.*, 42 R. I. 106, the court held in effect that the action of a justice of the Superior Court in improperly allowing a bill of exceptions without giving the parties an opportunity to be heard upon the question of its allowance, as required by the statute then in force, should not prejudice the rights of a moving party in the bill, who had on his part diligently complied with the requirements of the statute.

Under the amended statutory procedure relating to bills of exceptions, passed since the decision in *Hambly* v. *Bay State St. Railway Co.*, *supra*, and now a part of Chapter 348, Gen. Laws 1923, we find no difficulty in affording relief to parties in the event that a justice or clerk of the Superior Court fails to observe the requirements of the statute and the rules relative to hearing and notice of hearing upon the

allowance of a bill of exceptions. While it is not the purpose of the statute, as amended, to encourage laxity in the observance of these requirements, yet it is within its intent that parties should be protected in case of nonobservance.

As we have said above, in the circumstances of this case the allowance of the bill òf exceptions and transcript by the justice must be treated as a nullity. The matter should proceed in accordance with the provisions of Section 21, Chapter 348, Gen. Laws 1/923, which provides that when a justice of the Superior Court fails to act upon a bill of exceptions and transcript within twenty days after it is filed, the cause and all the papers therein shall be certified to the Supreme Court. The cause being now in this court the parties must proceed in accordance with the further provisions of said Section 21, which are as follows: "Thereupon on motion of either party or by agreement the cause shall be assigned for hearing on the question of the truth of the exceptions and the transcript."

The defendants' motion to dismiss the bill of exceptions is denied. The provisional assignment of the bill for hearing upon the merits is vacated. The cause will stand for further proceedings in conformity with said Section 21.

*Swan, Keeney & Smith, Francis J. Brady,* for plaintiff.
*James H. Rickard,* for defendants.