MARIE GIGUERE *vs.* JOSEPH LAPOINTE.

NOVEMBER 18, 1936.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

476

BAKER, J. Heard on plaintiff's motion to dismiss the defendant's bill of exceptions, and on defendant's motion to establish the truth of his exceptions and the transcript of the evidence.

The record shows that the case at bar was tried in the superior court to a jury, after consolidation for the purpose of trial with another case, involving the same accident, brought by the same plaintiff against another defendant, a corporation, represented by attorneys other than those appearing for the defendant herein. In the other case the plaintiff received a verdict and, following a denial by the trial justice of its motion for a new trial, the defendant therein took the steps necessary under the statute, among them ordering, filing, and having allowed a transcript of the testimony, to bring the case to this court to be reviewed. In the instant case, however, the jury returned a verdict for the defendant and thereafter, on motion duly filed by the plaintiff, the trial justice granted her a new trial. To this decision the defendant filed his notice of intention to prosecute a bill of exceptions to this court, but ordered no transcript of the testimony. Later, this bill of exceptions was filed and was allowed by the trial justice, but no transcript of the evidence was ever filed in the superior court in this case, or presented to or allowed by him. The papers herein were then transmitted to the clerk of this court.

Subsequently, and shortly before the present motions came on for hearing, the defendant filed in this court an agreement entered into by himself and the defendant in the other case, stating, among other things, that the latter was willing that the defendant herein should use in connection with his own bill of exceptions, now before us, the transcript of the evidence filed by the other defendant and allowed in the other case, on payment by the present defendant of one half the cost of such transcript, the receipt whereof was acknowledged.

The first question is whether or not under these circumstances the defendant's bill of exceptions is properly before us. The procedure to be taken in prosecuting a bill of exceptions from the superior court has long been settled. It is carefully set out in general laws 1923, chapter 348, secs. 17 to 21, and the amendments thereto. One of the essential steps in a case where it is desired that this court pass upon the evidence taken at the trial in the superior court is for the party excepting to order, file and present to that court for allowance the transcript of such evidence. The case at bar is of that type, since a decision upon the defendant's exception to the action of the trial justice in granting the plaintiff's motion for a new trial will of necessity involve a consideration of the testimony.

This court has uniformly held that if a litigant desires a review of his case in the appellate court, he must apply for it in the time and in the manner prescribed by the statutes, which are to be strictly construed. *Carr* v. *Cranston Print Works Co.*, 40 R. I. 376, and cases cited.

The defendant does not bring himself within the present rule of the superior court, which provides that only one transcript is required when two or more parties in the same cause or proceeding are taking appeals or presenting exceptions. However, he does contend that his bill of exceptions is properly in this court under the holding in *Haynes* v. *Greene*, 45 R. I. 248. In that case both the plaintiff and defendant were prosecuting exceptions, and they agreed to

use one transcript and share its cost. The court, in permitting such a practice under the circumstances of that case, said at page 253: "We are of the opinion that in the circumstances it would be a needless expense for each of the parties to procure a transcript of the evidence, if they desire to share the cost of one, which is to be filed by each in connection with his bill of exceptions. We do not intend thereby to hold, that a party for the purpose of his bill of exceptions can avail himself of a transcript filed by his adversary in connection with such adversary's bill, except by the consent and agreement of the adversary. Such agreement should be in writing in compliance with the rules of the Superior Court. In case of such an agreement each party may file for allowance the same transcript of evidence in connection with his bill of exceptions, and such filing shall constitute a compliance with the statutory requirement."

The above case and the instant case are clearly distinguishable. In the former, adversary parties in the same case made the agreement; here it was made by separate defendants in two different cases brought by the same plaintiff, who did not join in the agreement. The fact that the two cases were tried together should not necessarily form the basis for extending the doctrine of *Haynes* v. *Greene, supra*. The rights of the plaintiff against the defendants may be entirely dissimilar, and after trial in the superior court the travel of the two cases may become distinct. Further, if one transcript is to be used by different parties, it is held in *Haynes* v. *Greene, supra*, that such transcript, to comply with the statutory requirements, should be filed for allowance with each bill of exceptions, which was not done in the present instance. Obviously this requirement calls for the making of an agreement between the parties concerned at or before the time the bills of exceptions are filed for allowance, and not, as in the case at bar, after the case reaches this court. We see no good reason for extending the procedure allowed in *Haynes* v. *Greene, supra*, to cover the facts as disclosed

by the record in the present case. In our judgment, approval of the practice attempted to be followed here would tend to disrupt and confuse settled appellate procedure rather than clarify or simplify it. We find, therefore, that the defendant has failed to take the proper and necessary steps to successfully prosecute his bill of exceptions.

The defendant's contention that the plaintiff has waived any objection she might have urged to the regularity of the steps taken by him in prosecuting his bill of exceptions, because she moved in this court that the case be assigned for hearing on its merits, and that, therefore, she should not be heard now on her motion to dismiss the bill of exceptions, in our opinion, is untenable. The motion to dismiss raises a question of the jurisdiction of this court as affected by the nature of the appellate procedure taken. The assigning of the case on the motion of a party cannot confer on the court jurisdiction to hear such case if the statutory requirements for bringing it before this court have not been followed. In *Vassar* v. *Lancaster*, 30 R. I. 221, a petition to establish the truth of exceptions, the court held at page 225: "Although the question has not been raised by the parties, still, as the jurisdiction of this court in the matter depends upon the regularity of the steps taken in bringing the exceptions here, it is necessary to consider it."

In regard to the defendant's motion to establish the truth of his bill of exceptions and transcript, it appears from the record that the former has been duly allowed by the justice of the superior court before whom the case was heard, so that portion of the motion needs no consideration. As to the transcript of testimony, it was never filed in the superior court in the present case, nor, as hereinbefore set out, presented in this case to the trial justice for allowance. The statutes governing appellate procedure contemplate that when a transcript of the testimony is necessary, in prosecuting a bill of exceptions, such transcript should be filed in the superior court, and that it should be presented

to the trial justice or, under certain contingencies, to some other justice of the court, together with the bill of exceptions so that he may have a chance to pass upon them. If he fails so to do within the time specified, then the matter of establishing their truth is in order, after the papers in the case have been transmitted to this court. In the present instance, however, no justice of the superior court has ever been given an opportunity to allow or disallow the transcript in this case. Until the trial justice or some other justice has been first permitted to perform his duties in connection therewith, this court is not in a position to entertain a motion to establish the truth of the transcript. On the facts appearing herein, we deem it improper, at this late stage of the proceeding, to remand the case to the superior court merely to permit the trial justice to take some action in relation to the transcript in question, so that the defendant may complete the necessary appellate steps which he should have taken heretofore. In our opinion this disposes of the issues raised by the motions before us.

The plaintiff's motion to dismiss the defendant's bill of exceptions is granted, and the defendant's motion to establish the truth of his bill of exceptions and transcript of the testimony is denied. The case is remanded to the superior court for further proceedings.

*Baker & Spicer, Walter I. Sundlun,* for plaintiff.
*Henshaw, Lindemuth & Baker,* for defendant.