211 A.2d 629.

KENDRICK ARTHUR SPEARING *vs.* HERMAN SILVERMAN, *d.b.a.* HERMAN SILVERMAN & CO.

JUNE 30, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

CONDON, C. J.  This is an action of assumpsit which was tried to a jury in the superior court and resulted in a verdict for the plaintiff.  Thereafter the defendant filed a motion for a new trial which was denied by the trial justice.  The case is here on the defendant's bill of exceptions containing that exception and twenty-nine others to rulings during the trial.

Upon our examination of the record we find that G. L. 1956, §9-24-20, governing the allowance of a bill of exceptions has not been complied with by defendant.  Under that section the exceptions and transcript must be submitted to the trial justice for allowance.  Thereafter the trial justice is required to restore the bill of exceptions and transcript "to the files of the clerk, with a certificate, signed by

him, of his action thereon." Neither the transcript nor the bill of exceptions herein bears any notation that either was ever submitted to the trial justice. Nor does the file jacket bear any notation by the clerk that either the bill or the transcript was allowed by the trial justice.

We have heretofore held that if a litigant desires a review of his case in this court "he must apply for it in the time and in the manner prescribed by the statutes, which are to be strictly construed." *Giguere* v. *Lapointe*, 56 R. I. 475, 477. In that case the defendant duly filed his bill of exceptions, which was allowed, but he never presented the transcript to the trial justice for allowance. We held nevertheless that until this was done we were not in a position to hear the case and granted the plaintiff's motion to dismiss the bill of exceptions. The defendant had argued that inasmuch as the plaintiff had moved in this court to assign the case for hearing on the merits she had waived any objection she might have to irregularity in the procedure. We rejected that argument as untenable. saying at page 479: "The assigning of the case on the motion of a party cannot confer on the court jurisdiction to hear such case if the statutory requirements for bringing it before this court have not been followed."

In so holding we cited *Vassar* v. *Lancaster*, 30 R. I. 221, wherein the question had not been raised but we noticed it sua sponte, saying at page 225: "Although the question has not been raised by the parties, still, as the jurisdiction of this court in the matter depends upon the regularity of the steps taken in bringing the exceptions here, it is necessary to consider it." In other words, the parties could not by their silence confer jurisdiction upon the court.

In the case at bar counsel for both parties stipulated in writing in this court that, "The transcript and bill of exceptions may be allowed." But no motion to establish the truth thereof was ever filed in this court by either party as is required under §9-24-22. Apparently without any prior

notice to the court this stipulation was filed in the office of the clerk on December 7, 1964 after the record had been certified here by the clerk of the superior court. Whether or not rightfully filed, such stipulation was ineffective to cure defendant's failure to follow the procedure prescribed in §9-24-22, which was a prerequisite to having his bill of exceptions considered here. Observance of such procedure is jurisdictional. *Worthington* v. *Shewcov*, 89 R. I. 169; *Hartley* v. *Rhode Island Co.*, 28 R. I. 157. Jurisdiction cannot be conferred upon this court by the plaintiff's refraining from filing a motion to dismiss the bill for lack of jurisdiction or by the written consent of the parties to a waiver of the prescribed statutory procedure. It follows that although the bill of exceptions and transcript have been transmitted to this court the truth thereof has not been properly established here in the mode prescribed by statute to entitle the bill of exceptions to consideration on the merits.

For the reasons above stated we decline to consider the bill of exceptions at this time until either party files in this court a motion to establish the truth of the transcript and the bill of exceptions in accordance with §9-24-22, and the same is either allowed by the court or agreed to by stipulation filed by the parties with the approval of the court.

ROBERTS, J., concurring. While I concur in the result reached by the majority in this case, I am unable to agree that this court was without jurisdiction to hear and determine the appeal by reason of noncompliance with the provisions of G. L. 1956, §9-24-20, which relate to the prosecution of bills of exceptions from the superior court to this court. The record discloses that the plaintiff's bill of exceptions and the transcript of evidence were filed with the clerk of the superior court on August 24, 1964. However, it does not appear from the face of the bill of exceptions or the transcript that either was allowed by the trial justice within a period of twenty days after the filing thereof,

nor does a jacket entry disclose any such allowance. It is disclosed also by the jacket entries that on October 15, 1964 the clerk of the superior court certified all papers in the case, including the transcript, to this court.

It appears then that neither the bill of exceptions nor the transcript was allowed or acted upon otherwise within the period of twenty days after filing prescribed in §9-24-20 and that after the expiration of that period the clerk, acting under §9-24-22, certified the record to this court. It is my opinion that this certification by the clerk of the superior court conferred jurisdiction in the cause on this court and that the allowance of the truth of the bill of exceptions and transcript was thereafter subject to the provisions of §9-24-22.

Said §9-24-22 provides that when a bill and transcript have been filed with the clerk of the superior court and by him presented to a justice of that court for allowance, who for a period of twenty days thereafter fails to act upon or disallow, alter, or refuse to alter the same, "the clerk of the superior court shall forthwith certify the cause and all papers therein to the supreme court. Thereupon, on motion of either party, or by agreement, the cause shall be assigned for hearing on the question of the truth of the exceptions and transcript. The truth of the exceptions and transcript being established in such manner as the court by general rule or special order, or both, may prescribe, the cause shall be heard and the same proceedings taken as if the exceptions and transcript had been duly allowed and filed. If the truth of the exceptions and transcript be not established, the court may remand the cause and the papers therein to the superior court for such further proceedings as to the supreme court shall seem meet."

It is clear from the record that the bill of exceptions and transcript were not acted upon by the trial justice to whom the clerk presented them, but it is equally clear that the

clerk of the superior court complied with the duties imposed upon him by said §9-24-22 by certifying the cause and the papers therein to this court after the expiration of the twenty-day period. It is my opinion that the provisions to which reference is made above prescribe a mandatory procedure for the certification of the cause to this court, which, when done in compliance with the statutory procedure, has the effect of removing the cause to the appellate jurisdiction of this court.

The statutory procedure for allowance and certification existing prior to the amendment of G. L. 1909, chap. 298, sec. 21, by P. L. 1921, chap. 2086, sec. 4, provided that when a judge of the superior court did not act upon a bill of exceptions or act to disallow it "and either party is aggrieved thereby, the truth of the exceptions may be established before the supreme court upon petition stating the facts, filed within thirty days after the filing of the bill of exceptions in the superior court; and thereupon, the truth of the exceptions being established in such manner * * * they shall be heard and the same proceedings taken as if the exceptions had been duly allowed and filed."

Thus, prior to the amendatory legislation in 1921, when a bill of exceptions had not been allowed by the trial justice, the party aggrieved by such failure was required to petition the supreme court within thirty days after the filing of the bill of exceptions with the clerk of the superior court for a hearing to establish the truth of the exceptions. To put it otherwise, the aggrieved party was required to bring the bill of exceptions to the supreme court on motion for the purpose of having the truth thereof established in that court as a condition precedent to establishing the appellate jurisdiction of this court. Clearly, the legislature, in amending the procedures relating to a bill of exceptions and requiring the clerk of the superior court to certify the cause to the supreme court, intended to remove the cause

to this court and to permit an exercise of our appellate jurisdiction to be invoked on motion by either or both of the parties for a hearing to establish the truth of the bill.

In short, I am of the opinion that after the amendment of 1921 the superior court clerk's certification of the cause operated to give this court jurisdiction but required as a condition precedent to an exercise of that jurisdiction that the parties or either of them in this court move for a hearing to establish the truth of the bill. It seems obvious that the exercise of the appellate jurisdiction would of necessity be required to rest upon the establishment of the truth of the bill of exceptions in order to exercise properly its appellate jurisdiction to hear and determine the exceptions thus raised. See *Vassar* v. *Lancaster,* 30 R. I. 221.

Most of the cases to which the majority refer as supporting the view that this court did not acquire jurisdiction were decided under the provisions of the statute establishing the procedures for bringing the cause to this court prior to the amendment of 1921. However, in *Giguere* v. *Lapointe,* 56 R. I. 475. decided after the amendment, to wit, in 1936, no transcript of the evidence was ever filed with the clerk of the superior court for presentation to the trial justice under the provisions of §9-24-20. Obviously, the failure to file a transcript as required by said §9-24-20 made it impossible for the clerk of the superior court to certify the cause to this court under §9-24-22.

Prior to the amendment of the statute in 1921 this court recognized that a procedural default on the part of the trial justice or the clerk of the superior court could work a forfeiture of a litigant's right to an appeal where he had in good faith attempted to comply with the statutory provisions regulating such appeal. In *Hambly* v. *Bay State St. Ry.,* 42 R. I. 106, this court said at page 111: "If there has been any failure to observe the statutory requirements it is the failure by the trial justice or the clerk. * * * The

defendant was diligent and was not guilty of any negligence." The court then proceeded to circumvent the harsh effect of a literal application of the statute by treating the improper certification as being voidable rather than void. Shortly after the decision in *Hambly* the legislature enacted the amendment by which the procedure was changed in 1921.

In *Springall & Co.* v. *Cass*, 48 R. I. 48, decided in 1926, a trial justice purported to allow a bill of exceptions without hearing the parties as to the truth of the exceptions prior to allowing the bill as required under §9-24-20 of the statute. The court said at page 49: "Under the amended statutory procedure relating to bills of exceptions * * * we find no difficulty in affording relief to parties in the event that a justice or clerk of the Superior Court fails to observe the requirements of the statute and the rules relative to hearing and notice of hearing upon the allowance of a bill of exceptions. While it is not the purpose of the statute, as amended, to encourage laxity in the observance of these requirements, yet it is within its intent that parties should be protected in case of non-observance." I am of the opinion that this decision is significant of the court's conclusion that a certification of a bill of exceptions under §9-24-22 removes the cause from the superior court to the appellate jurisdiction of this court by operation of law.

In ordinary circumstances I would hold that because the certification established the appellate jurisdiction of this court and the parties, by stipulating thereto, agreed to the truth of the bill of exceptions, we did not err in exercising our appellate jurisdiction in hearing the bill of exceptions on its merits. However, because the majority take a strong view that the stipulation entered into by the parties was not an "agreement" within the meaning of that term as used in §9-24-22, I hold that our jurisdiction was established by the certification and that it is within the discretion of this

court to decline to exercise that jurisdiction with respect to hearing and determining a bill of exceptions unless the truth thereof is established as provided by statute.

JOSLIN, J., joins in the concurrence.

*Halpert & Beaver, Kenneth M. Beaver,* for plaintiff.

*Marcello A. Tropea,* for defendant.