247 A.2d 856.

GABRIEL MAIOLI *vs.* ANTHONY RODERICK.

NOVEMBER 18, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is an action of trespass on the case for slander. It was heard in the superior court on the defendant's demurrer which in substance attacked the plaintiff's four-count amended declaration on the grounds that it contained unnecessary, vague, uncertain, immaterial and unclear allegations. While the record which has been certified does not include a copy of the trial justice's ruling, a jacket entry indicates that the demurrer was sustained and that the plaintiff was granted permission to file an amended declaration. He did not avail himself of that opportunity, but elected instead to prosecute a bill of exceptions.

When the case was called for argument in this court, plaintiff's counsel stated that his oral argument, if required, would take no more than "ten seconds," and he requested leave to submit on his brief. Obviously, an argument such

as he proposed to make could, at best, have been no more than a meaningless gesture at compliance with our usual practice of requiring oral argument. Accordingly, we granted his request secure in the knowledge that nothing he could have argued within his self-imposed time limitation could possibly have shed any light on the issues involved.

In these circumstances it would normally and reasonably be anticipated that the brief upon which plaintiff elected to rest his case would contain a complete discussion and analysis of the legal issues involved, together with a statement of supporting authorities. This, however, was not the case. The brief consists of seven double-spaced typewritten pages, two lines of which are devoted to a statement of the travel of the case, four words to a recital of his version of the issues involved, slightly more than half a page to argument, and the balance to setting out in full a copy of the amended declaration. Moreover, such limited argument as there is does not touch upon the grounds of the demurrer and is without supporting citation of authority except for a single reference to Corpus Juris Secundum.

A brief so structured falls far short of fulfilling our requirements that counsel should fairly and sincerely attempt to point out where he believes the trial justice erred and that he should in good faith endeavor to comply with the requirements of our rule 15. *Clarke* v. *Sullivan,* 103 R. I. 177, 235 A.2d 668. That was a case where the same counsel who represents plaintiff in this case so inadequately presented his contentions in his one-minute argument and in his one and one-half page brief that we overruled his exceptions on the ground that he had presented no issues for us to review. We would take the same action in this case, even though the brunt would, at least initially, fall on the client rather than upon counsel, were we not confronted with a jurisdictional question.

That question came to light when, after the hearing, we

examined the record and the papers in the case. We then learned for the first time that plaintiff when he filed his notice of intention to prosecute a bill of exceptions specifically directed the court's stenographer *not* to prepare a transcript of the ruling about which he now complains; that the bill of exceptions which he thereafter filed bears no notation that it was submitted to or allowed by a justice of the superior court as prescribed by G. L. 1956, §9-24-20; that no jacket entry discloses that such justice either allowed, disallowed, or took any action on the bill of exceptions; and that the clerk of the superior court certified the cause and the papers to this court six days following the filing of the bill of exceptions, even though §9-24-22 provides that the certification shall not be made until the justice of that court to whom the exceptions have been presented for allowance has for a period of twenty days failed to act upon or disallow, alter, or refuse to alter the same. Obviously, in these circumstances, and absent the establishment of the truth of the exceptions in this court as provided for in §9-24-22, the case was not eligible for assignment to the current argument list and would not have been heard if counsel, in the proper exercise of his responsibilities, had made these facts known to us. *State v. D'Amico,* 99 R. I. 536, 209 A.2d 224; *State v. Brown,* 99 R. I. 582, 209 A.2d 705; *Scullian v. Petrucci,* 99 R. I. 689, 210 A.2d 323; *Spearing v. Silverman,* 100 R. I. 110, 211 A.2d 629; *Warwick Municipal Employee's Credit Union v. McAllister,* 100 R. I. 269, 214 A.2d 380.

If this were a case which had been properly certified and the only defects were the failure either to allow the exceptions at the trial court level or to establish their truth in this court, we would consider the case as though it had not been argued and we would direct that the papers be held here pending the establishment of the truth of the exceptions. *Spearing v. Silverman, supra.* Here, however, the

612

clerk's premature certification of the cause and the papers deprives us of the jurisdiction we might otherwise have acquired had there been compliance with the statute. *Vassar v. Lancaster,* 30 R. I. 221, 74 A. 711; *Giguere v. LaPointe,* 56 R. I. 475, 188 A. 521. Being without jurisdiction, our only alternative is to remand.

An additional comment should be made. The plaintiff's counsel, if duly mindful of his sworn obligation to demean himself uprightly with fidelity to the court as well as to his client, with little effort could have avoided these needless procedural difficulties. All that would have been required was for him to suggest the deficiencies to some appropriate authority. If he had done so, his client's cause would now be much further along the road to ultimate resolution. His failure delayed the prosecution of his client's cause; and his neglect, excusable in one less knowledgeable, is difficult for us to condone in one who has been similarly neglectful in at least four other cases in recent years. *State v. D'Amico; State v. Brown; Scullian v. Petrucci; Warwick Municipal Employee's Credit Union v. McAllister, supra.*

For the reasons indicated the cause together with the papers previously certified are remanded to the superior court for further proceedings.

*Aram K. Berberian,* for plaintiff.

*William I. Matzner, Gerald G. Norigian,* for defendant.