James **POTTER**

v.

Horace **CHETTLE et al.**

No. 88–598–M.P.

Supreme Court of Rhode Island.

May 22, 1990.

---

Arnold N. Montaquila, Law Offices of Arnold N. Montaquila, Providence, for plaintiff.

Frederick G. Tobin, Town Sol. for the Town of Coventry, for defendant.

## OPINION

SHEA, Justice.

This matter is before the Supreme Court pursuant to our grant of a petition for a writ of certiorari. The petitioners seek a review of a Superior Court decision that granted the respondent a building permit. We quash the judgment of the Superior Court.

The plaintiff below, James Potter (respondent), purchased lot Nos. 157 and 135 on assessor's plat No. 39 in the town of Coventry, on December 8, 1980. On May 11, 1987, respondent filed a building-permit application for the construction of a single-family dwelling on lot No. 157. The following day the application was denied by the building inspector of the town of Coventry because the property on which respondent sought to build did not front a suitably improved town road. The building inspector's denial was based upon G.L.1956 (1980 Reenactment) § 45–23.1–4, which states in part:

"Buildings not on mapped streets.—[N]o permit for the erection of any building shall be issued unless the building lot abuts a street which has been placed on the official map giving access to the proposed structure, and that before a permit shall be issued, such street shall have been certified to be suitably improved."

Arguing that the road in question, Ledge Road, was not only maintained and serviced by the town of Coventry but was also on the official town map since 1972, respondent appealed the decision of the building inspector to the Coventry Zoning Board of Review (petitioners or zoning board) on June 3, 1987. After receiving recommendations from the Town of Coventry Planning Commission and the superintendent of public works, together with reports from the town engineer and the Central Coventry Fire District, the zoning board on November 24, 1987, rendered its decision. The zoning board decided, unanimously, to reverse the decision of the building inspector and approve respondent's application for a building permit. The decision of the zoning board, however, was made subject to certain conditions. This decision read as follows:

"1. That the * * * [a]pplicant, James Potter, shall be granted the issuance of a building permit requested only upon meeting the following standards:

(a) The construction of a gravel road in accordance with 14–44(b)(1) of the Coventry Code of Ordinances * * *.

(b) The road must extend from State Route 117 to the proposed construction site of the residential dwelling proposed by the * * * [applicant] James Potter, better described as Assessor's Plat 39, Lot 157 on the Tax Assessor's maps of the Town of Coventry.

(c) That the road be constructed in a manner which will assure adequate access for fire-fighting equipment, ambulances, and other emergency vehicles necessary for the protection of the health and safety of the residents on said property, and that it will protect any future street layout shown on the Official Town Map of Coventry."

It is from these conditions attached to the zoning board's decision that respondent brought an appeal to the Superior Court pursuant to G.L.1956 (1980 Reenactment) § 45-24-20. This statute sets forth the general provisions for appeals from zoning board decisions. On December 8, 1988, the Superior Court rendered its decision and ordered the conditions attached to the building permit to be stricken.

The petitioners then sought a writ of certiorari before this court, which writ was granted. Although several issues were raised by petitioners, the issue of whether the Superior Court had the jurisdiction to hear and decide this complaint is dispositive.

■ It is our opinion that the Superior Court incorrectly determined the nature of the appeal before it. The trial justice mistakenly determined that an appeal from the zoning board to the Superior Court was appropriate pursuant to § 45-24-20.

In this case, the building inspector made his decision relying upon the "mapped streets" chapter of the General Laws of Rhode Island, chapter 23.1 of title 45 (*see* § 45-23.1-4), which provides that no building permit shall be issued unless the desired buildable lot abuts a street which has been placed on the official town map and has been certified to be suitably improved. This chapter specifically designates through § 45-23.1-5 that appeals from "mapped street" decisions proceed to the Supreme Court. Section 45-23.1-5 provides in part:

"Appeals.—Any person aggrieved by any decision of the board or the council, as the case may be, may present to the *supreme court* a petition duly verified setting forth that such decision is illegal in whole or in part and specifying the grounds of illegality. Such petition shall be presented to the court within thirty (30) days after the filing of the decision. Upon presentation of such petition, the court may allow a writ of certiorari directed to the board or council to review such decision of the board or council and shall prescribe therein the time within which a return thereto shall be made, which shall not be less than ten (10) days and may be extended by the court." (Emphasis added.)

■ Section 45-23.1-5 thus requires a verified petition to this court from zoning board decisions in cases like the present one. Here the Legislature clearly intended the path of review to be other than the Superior Court. As such, the respondent is obligated to follow the outlined procedure for review and cannot select which court will review his case. Statutes prescribing the time and manner of procedure to be followed by a litigant attempting to secure a review of his or her case in an appellate court are to be strictly construed. *See Spearing v. Silverman*, 100 R.I. 110, 211 A.2d 629 (1965).

For these reasons the petitioners' petition for a writ of certiorari is granted, the judgment of the Superior Court is quashed, and the papers of the case are remanded to the Superior Court with our decision endorsed thereon.