JOHN B. MACGREGOR *et ux. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF BRISTOL.

MAY 10, 1962.

PRESENT: Condon, C. J., Roberts, Paolino and Frost, JJ.

PAOLINO, J. This petition for certiorari was brought by the petitioners to review the decision of the respondent board denying their appeal from a decision of the building inspector. The pertinent records have been certified to this court pursuant to the writ.

The petitioners and Albert Boutelle own adjoining parcels of land in an S R Zone on the southerly side of Harrison street in the town of Bristol. On July 24, 1961 the building inspector issued a building permit to Mr. Boutelle to erect an addition to existing buildings on his land. On September 25, 1961 petitioners filed an appeal with the board on the grounds that the permit and the addition authorized thereunder violated the provisions of the zoning ordinance adopted by the town council on June 28, 1961.

The petitioners are not attacking the validity of the 1961 ordinance. In fact in their appeal they requested the board to grant them relief thereunder. It may be pertinent to

point out, however, that petitioners have misconceived the nature of the remedy they have under the state enabling act. Their attempt to appeal to the board from the alleged refusal of the building inspector to enforce the zoning laws has no sanction under the act. Their right of appeal in the circumstances of this case was restricted to an appeal from his decision issuing the building permit. G. L. 1956, §45-24-16. We shall therefore treat their appeal as one from the decision of the building inspector issuing the permit in question.

It appears from the transcript of the hearing before the board that the evidence on certain material issues was conflicting. This conflict pertained to the time of commencement of work under the permit; the time when petitioners, who resided on their property, were first aware of such work; the amount of money expended by Mr. Boutelle; and the proportion of the work completed before the filing of the appeal. The evidence also discloses that petitioners and others had complained to the building inspector from time to time about the alleged violations, but that the latter refused to take any action.

The petitioners' testimony is in substance that they were unaware of the issuance of the permit on July 24, 1961 and that they first noticed construction work on Mr. Boutelle's property on September 9. Mr. Boutelle, on the other hand, testified that he started work under the permit sometime between July 24 and July 30, 1961.

The board concluded that it was apparent that substantial exterior work was being carried on by Mr. Boutelle on his dwelling from and after August 19, 1961; that petitioners did nothing to protect their rights until September 9 when they complained by telephone to the building inspector; that between September 9 and September 25 they did nothing except notify Mr. Boutelle by letter of the alleged violations; and that by September 25, 1961

the work under the building permit was substantially completed.

The board found that in the circumstances the appeal was not taken within a reasonable time as required by G. L. 1956, §45-24-16. They therefore denied it without considering petitioners' other grounds.

On the basis of the record before us it is our opinion that the decision on the issue of timeliness is correct. The findings of fact on which the board based their decision on this issue are supported by the evidence and therefore were not arbitrary. As the court said in *Lumb* v. *Zoning Board of Review,* 91 R. I. 498, 165 A.2d 504, 506: "When this court is called upon to review the action of a zoning board of review on certiorari, we will not in the absence of some unusual or compelling circumstance weigh the evidence. Our inquiry ordinarily is limited to ascertaining whether the decision is based upon some legal evidence. Where such legal evidence is found, the decision is not arbitrary and will not be disturbed."

In the posture of the record before us the zoning ordinance originally adopted on March 12, 1931 is not pertinent. As we have previously stated petitioners based their appeal to the board under the provisions of the 1961 ordinance. In accordance with the provisions of G. L. 1956, §45-24-16, the town council in adopting the 1961 ordinance prescribed a specific procedure for appeals to the board. Article I, sec. 5 D, of the ordinance reads in part as follows:

> "Appeals to the Board may be taken by any party aggrieved or by any officer, department, board, or bureau affected by any order or decision of the Building Inspector concerning the provisions of this ordinance. Such appeal shall be taken within a reasonable time as provided in the rules of the Board by filing with the Building Inspector and with the Board a notice of appeal specifying the grounds for the appeal. *In no case shall this reasonable time exceed thirty days."* (italics ours)

There is no evidence of fraudulent conduct between the building inspector and Mr. Boutelle; nor is there any evidence of any unusual or exceptional reason to justify the long delay in filing the appeal. In such circumstances we cannot say that the board's finding that the appeal was not taken within a reasonable time was arbitrary. See *Elmcrest Realty Co.* v. *Zoning Board of Review*, 78 R. I. 432.

In any event, in the instant case the board was bound by the provisions of sec. 5 D of the ordinance which provides that appeals may be taken within a reasonable time, but that *"In no case shall this reasonable time exceed thirty days."* (italics ours) They were in duty bound to determine whether there had been compliance with the "thirty days" limitation and to apply sec. 5 D literally. In view of the undisputed evidence that the appeal was not filed within thirty days from the date of the issuance of the building permit the board did not err in denying it on the issue of timeliness. In the circumstances they had no authority under the ordinance to hear the appeal on the merits. Compare *Nolfi* v. *Zoning Board of Review*, 91 R. I. 444, 164 A.2d 695.

Since the determination of the issue of timeliness is decisive, we cannot consider the petitioners' contentions relating to the alleged invalidity of the permit and the alleged illegality of the construction performed thereunder.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the decision of the respondent board is affirmed. The records in the case which have been certified to this court are ordered sent back to the board.

*Crowe, Hetherington & Chester, Thomas Hetherington,* for petitioners.

*Frank L. Martin,* Town Solicitor for Town of Bristol, for respondents.