Michael SOUSA et al.

v.

**TOWN OF COVENTRY et al.**

No. 2000–51–Appeal.

Supreme Court of Rhode Island.

April 26, 2001.

David A. Salvatore, Norwood, MA, For Plaintiff.

Wayne F. Dennison, Angel Taveras, Boston, MA, Paul K. Sprague, Warwick, For Defendant.

Present WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on March 13, 2001, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts insofar as pertinent to this appeal are as follows.

Sprint Spectrum L.P. (Sprint) is a business that sells mobile telecommunications services. It is in the process of constructing a national wireless telecommunications network. In 1997, Sprint sought permission from the Coventry Zoning Board (zoning board) to construct a telecommunications tower on property in a residential area. The zoning board denied Sprint's request. Subsequently, on May 19, 1997, the Coventry Town Council (town council) amended its zoning ordinance to include the regulation of telecommunications towers. The amended ordinance provided that the "[l]ocation of communication towers, cable television equipment and related equipment on municipal property, i.e., town or school property, shall be allowed by-right, provided that a site plan, approved by the Director of Planning, is provided before a building permit may be issued." The amended zoning ordinance also set out a detailed process for gaining approval for a telecommunications tower. Specifically, it disallowed the placement of telecommunications towers in any of Coventry's residential zones without a party's first obtaining a special use permit. However, town property was exempted from the special use permit requirement.

On July 21, 1997, the town council held a public meeting in which it authorized the town manager to lease town property, namely, a small portion of Foster Memorial Park, to Sprint so Sprint could construct a telecommunications tower on the leased property. The following day, Sprint applied for a building permit. The building permit was issued on July 29, 1997.[1] On August 1, 1997, the Town of Coventry (Coventry) signed a lease with Sprint. On September 9, 1997, Sprint signed the same lease.

The plaintiffs, Michael Sousa, Karen Amaral Sousa, Robert B. Hopkins, Sandra L. Hopkins, Patricia L. Cornell, Mitzi J. Hiller, Viola Gagnon, Mary Cole, and Station Street Neighborhood Alliance (plaintiffs), saw cement trucks arrive at Foster Memorial Park on September 16, 1997. Thereafter, they circulated a petition and contacted Coventry officials to oppose the telecommunications tower. Coventry officials informed plaintiffs that the thirty-day time period for challenging the building permit had expired.

On September 26, 1997, plaintiffs filed suit, seeking to invalidate the amended zoning ordinance and to revoke Sprint's building permit. Both sides filed motions for summary judgment. On August 6, 1999, the motion justice issued a bench decision on the motions for summary judgment. She found that, pursuant to G.L. 1956 § 45–24–71, plaintiffs had thirty days to appeal the amendment of the zoning ordinance to the Superior Court, but that they had failed to comply with this statutorily prescribed time frame. The motion justice also found that plaintiffs had not complied with the Coventry Zoning Ordinance, which provided for a thirty-day limitation period for appeals of a decision by the town building inspector. She found

---

1. Northeastern Land Services, Ltd., actually applied for the permit on behalf of Sprint.

that plaintiffs had constructive notice of the town council's approval of the telecommunications tower and that they were on notice that a building permit would be issued. Additionally, the motion justice found that the town manager had the express authority to enter into a lease with Sprint. Accordingly, she granted summary judgment in favor of defendants.[2] On August 31, 1999, plaintiffs appealed.

"It is well settled that this Court reviews the granting of a summary judgment motion on a de novo basis. *Marr Scaffolding Co. v. Fairground Forms, Inc.*, 682 A.2d 455, 457 (R.I.1996). In conducting such a review, we are 'bound by the same rules and [standards] as those employed by the trial justice,' *Rotelli v. Catanzaro*, 686 A.2d 91, 93 (R.I.1996), and '[a]ccordingly, we will affirm a summary judgment if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.' *Id.*" *Woodland Manor III Associates v. Keeney*, 713 A.2d 806, 810 (R.I.1998).

In support of their appeal, plaintiffs argue that the motion justice erred in determining that the instant action was not timely appealed to the Superior Court. "An appeal of an enactment of or an amendment to a zoning ordinance may be taken to the [S]uperior [C]ourt for the county in which the municipality is situated by filing a complaint *within thirty (30) days* after the enactment or amendment has become effective." Section 45–24–71(a). (Emphasis added.) Section 1881 of the Town of Coventry Zoning Ordinance similarly provides for a thirty-day appeal period to the Superior Court by aggrieved

parties. "Statutes prescribing the time and the procedure to be followed by a litigant attempting to secure appellate review are to be strictly construed." *Seibert v. Clark*, 619 A.2d 1108, 1111 (R.I.1993) (citing *Potter v. Chettle*, 574 A.2d 1232, 1234 (R.I.1990)). The town council amended the zoning ordinance on May 19, 1997. The plaintiffs did not file their complaint until *more than four months later.* Thus, plaintiffs' arguments challenging the validity of the zoning ordinance (namely, that it illegally exempted the town from the special use permit process and that such exemption was inconsistent with the comprehensive zoning plan) are time-barred.

Next, plaintiffs argue that the appeal period for contesting the issuance of the building permit did not begin to run until plaintiffs became aware of the decision to issue the building permit. They argue that they did not become aware of the issuance of the permit until cement trucks appeared at Foster Memorial Park on September 16, 1997. Thus, plaintiffs argue that their complaint, filed on September 26, 1997, was well within the thirty-day time period provided for contesting the issuance of the building permit.

Section 45–24–64 provides in pertinent part that:

"An appeal to the zoning board of review from a decision of any other zoning enforcement agency or officer may be taken by an aggrieved party. The appeal shall be taken *within a reasonable time* of the date of the recording of the decision by the zoning enforcement officer or agency by filing with the officer or agency from whom the appeal is taken and with the zoning board of review a

2. The motion justice dismissed nine counts of plaintiffs' twelve-count amended complaint. Two of the remaining counts had been dropped before the summary judgment motions. The remaining count was later dismissed by stipulation.

notice of appeal specifying the ground of the appeal." (Emphasis added.)

Section 412 of Coventry's Zoning Ordinance provides that:

"[a]n appeal to the Board from a decision of the Building Inspector or the Zoning Enforcement Officer * * * *shall be* taken *within thirty (30) days* of the recording of the decision or action by the Building Inspector or Zoning Enforcement Officer by filing a notice of appeal with the Zoning Board of Review Clerk specifying the grounds therefor." (Emphases added.)

This Court has previously held that a thirty-day time period for review of an administrative officer's decision to issue a building permit is permissible (that is, reasonable) as long as the period begins to run at the time the plaintiff "becomes chargeable with knowledge of the decision from which he seeks to appeal." *Hardy v. Zoning Board of Review of Coventry*, 113 R.I. 375, 379, 321 A.2d 289, 291 (1974); *see also Zeilstra v. Barrington Zoning Board of Review*, 417 A.2d 303, 308 (R.I.1980) (agreeing with lower court that " 'until [a] so called garage suddenly sprouted into a unique looking two and one half story structure, the objecting landowner had no occasion for alarm' ").

In the instant case, the town council approved the lease of town property for the construction of the telecommunications tower at a public meeting, on July 21, 1997, which was noticed and which also received press coverage. Because of the public nature of the town council meeting, plaintiffs had constructive notice that a building permit would be issued and, as a result, they had an obligation to periodically inspect the public records for the issuance of a building permit for the telecommunications tower, if they had any interest in objecting to the issuance of the permit.[3] *See Hardy,* 113 R.I. at 381, 321 A.2d at 292–93 (noting that "where one acquires knowledge of facts that are reasonably informative of the existence of an ultimate fact, a reasonably cautious person would thereby be led to the ultimate fact, and the courts will imply that such person had actual notice and, therefore, is chargeable with notice of the ultimate fact. However, the doctrine should be applied cautiously and only where one has acquired knowledge of facts that are *so suggestive* of the existence of an ultimate fact that a reasonably prudent person would be moved to investigate and ascertain the ultimate fact."). (Emphasis added.) Therefore, the plaintiffs' complaint, filed on September 26, 1997, seeking to challenge the issuance of the building permit, was untimely.

■ Finally, plaintiffs argue that Coventry's town manager exceeded his authority in negotiating a lease with Sprint. As a result, they argue, the lease is invalid. However, plaintiffs fail to recognize that the town council passed a resolution specifically authorizing the town manager to execute a lease on behalf of Coventry with Sprint. *See* Resolution of Coventry Town Council, 63–97–2867, adopted July 21, 1997. Therefore, the town manager acted well within his authority.[4]

---

3. "The most we can do now is to watch events and be as well prepared as possible for any turn things may take." Letter from Abraham Lincoln, to David Hunter (Dec. 22, 1860), *in A Treasury of "Lincoln Quotations"* 226 (Fred Kerner ed., 1996).

4. Even assuming that the town manager did *not* have such authority, this Court finds that there is no support for the proposition that, in the circumstances that existed here, an individual who is not a party to a contract may assert the rights of one of the contracting parties in order to void a contract or have it declared unenforceable.

For the reasons stated, the plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers in the case are remanded to the Superior Court.