DECISION
This is an appeal of the April 3, 2001 written decision of the Pawtucket Zoning Board of Review (hereinafter the Zoning Board), which denied George L. Cinq-Mars' (hereinafter the Appellant) appeal of the August 2, 2001 legal opinion rendered by the City Solicitor's Office. Jurisdiction is pursuant to R.I.G.L. 1956 § 45-24-69(D).
 FACTS AND TRAVEL
On February 1, 2001, Joe D. Tavares d/b/a Eastland Builders of Providence, Rhode Island took title to Lot 211, located on Lee Street in Pawtucket, Rhode Island. Lot 211 was conveyed to Mr. Tavares by the Appellant and his late sister. Subsequently, a building permit for the construction of a single-family dwelling on Lot 211 was sought by Mr. Tavares. However, the City of Pawtucket questioned its authority to issue Mr. Tavares a building permit because it was uncertain whether Lot 211 had merged into the abutting lot, Lot 212, pursuant to the City's merger provision. If the two lots had merged, then Lot 211 would be nonconforming for a single-family residence.
At the request of Appellant's counsel, the matter was reviewed by the City's Division of Zoning and Code Enforcement (hereinafter "Zoning Division") and the Department of Planning and Redevelopment (hereinafter "Planning Department"). On July 6, 2001, Micheal D. Cassidy, the Director of the Planning Department, requested a written legal opinion from the City Solicitor's Office concerning the merger issue. On August 2, 2001, a written legal opinion was sent to the Planning Department and the Appellant's counsel. The legal opinion indicated that Lot 211 is not a buildable lot of record. The parties have stipulated that the City of Pawtucket took no further action on this building permit application.See Consent Stipulation at 1.
The Appellant filed an appeal of the August 2, 2001 letter from the City Solicitor with the Zoning Board on December 15, 2001. At the January 29, 2002, Zoning Board Hearing, the Zoning Board questioned whether it had the jurisdiction to decide an appeal taken from the City Solicitor because there had never been either an approval or denial of the application, thus there was no decision of the building official from which to appeal to the Zoning Board. The Zoning Board decided at its February 5, 2002 Zoning Board Hearing that it did not have the jurisdiction to hear the matter. Nonetheless, the Zoning Board issued a written decision on April 3, 2001 denying the Appellant's appeal from the letter it received from the City Solicitor. In its written decision, the Zoning Board stated that it had jurisdiction to hear the matter pursuant to G.L. § 45-24-64. See Decision 02-19 of the City of Pawtucket Zoning Board of Review. The appeal was denied on the basis that the two lots in question had merged. The Appellant then filed this present matter before this Court.
 STANDARD OF REVIEW
The standard of review for this Court's appellate consideration of the decision is outlined in G.L. 1956 § 45-24-69(D), which states:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a zoning board decision, this Court must examine the entire certified record to determine whether substantial evidence exists to support the finding of the board. Salve Regina College v. Zoning Bd.of Review, 594 A.2d 878, 880 (R.I. 1991) (citing DeStefano v. Zoning Bd.of Review of Warwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979));Restivo v. Lynch, 707 A.2d 663 (R.I. 1998). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a preponderance." Caswell v. George Sherman Sand and Gravel Co., Inc.,424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). The essential function of the zoning board is to weigh evidence with discretion to accept or reject the evidence presented. Bellevue Shopping Center Associates v. Chase,574 A.2d 760, 764 (R.I. 1990). Moreover, this Court should exercise restraint in substituting its judgment for that of the zoning board and is compelled to uphold the board's decision if the Court "conscientiously finds" that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey, 495 A.2d 257 (R.I. 1985) (quotingApostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). It is only if the record is "completely bereft of competent evidentiary support" that a board of appeal's decision may be reversed. Sartor v.Coastal Resources Management Council of Rhode Island, 434 A.2d 266, 272 (R.I. 1981).
 JURISDICTION OF ZONING BOARD
The first issue before this Court is whether the Zoning Board possessed the jurisdiction to deny the Appellant's appeal of the opinion of the City Solicitor. The record reflects that the Appellant appealed the August 2, 2001 letter from the City Solicitor on December 15, 2001. Rhode Island General Laws § 45-24-64, Appeals — Appeals to zoning board ofreview, states in pertinent part:
 "An appeal to the zoning board or review from a decision of any other zoning enforcement agency or officer may be taken by an aggrieved party. The appeal shall be taken within a reasonable time of the date of the recording of the decision by the zoning enforcement officer or agency filing with the officer or agency from whom the appeal is taken and with the zoning board of review as notice of appeal specifying the ground of the appeal." (Emphasis added.)
It is undisputed that § 45-24-64 conveys jurisdiction on the Zoning Board to review decisions from any zoning enforcement agency or officer. However, at issue is the jurisdiction of the Zoning Board to review anopinion of the City Solicitor. The record reflects that the decision in question was generated by the City Solicitor on behalf of the Director of the Planning Department. While it is arguable whether the City Solicitor qualifies as an officer of a zoning agency, this Court finds that all of the parties to this matter treated the letter from the City Solicitor as a decision from an officer of a zoning enforcement agency pursuant to § 45-24-64.
Our Supreme Court, in Kelley v. Jepson, involving an appeal of a probate court decision, held that a written decision satisfied the requirements of a decree even though there was no formal order or decree before the court. Kelley v. Jepson, No. 2001-321 (R.I., filed Dec. 9, 2002). In Kelley, a written order or decree was required by statute in order to appeal the decision of a probate judge. The trial judge inKelley instructed the defense counsel to prepare an appropriate order but the defense counsel failed to prepare the order as instructed. Consequently, there was no order from which to appeal. However, the trial judge had issued a decision and signed it on the line labeled "ENTER" and the deputy clerk signed the line labeled "BY ORDER." Our Supreme Court found that decision clearly settled the respective rights and claims of the parties and, therefore, satisfied the requirements of a decree and could be appealed. Id. at 5.
In the present case, the building official failed to issue either an approval or denial on the application, thus failing to provide a decision from a building official from which the Appellant might appeal. Instead, the building official referred the matter to the City Solicitor. The letter from the City Solicitor clearly settled the respective rights and claims of parties. On his appeal from the Zoning Board of Review, the Appellant listed the August 2, 2001 inter-office memorandum from the City Solicitor, Frank J. Milos, Jr., to Micheal Cassidy under "Date of Citation or Decision." In addition, the City Solicitor was acting on behalf of the Director of Planning and Development, a member of a zoning enforcement agency. Since the letter from the City Solicitor served as and was regarded as a decision issued by a zoning enforcement officer, it qualifies as such and may be appealed.
 30 DAY FILING DEADLINE
The Appellees further argue that the Appellant's appeal should be denied because the Appellant failed to meet the statutory (30) thirty day deadline to file the appeal. Section 410-115(A) of the Pawtucket Zoning Ordinance states in pertinent part:
 "An appeal to the Board from a decision of any other zoning enforcement agency or officer . . . may be taken by an aggrieved party. Such appeal shall be taken within thirty (30) days of the date of the recording of the decision of the Director or agency, or within thirty (30) days of the time when the aggrieved party knew or should have known of the action or decision of such Director or agency." (Emphasis added.)
In the instant matter, the Appellant filed his appeal with the Zoning Board on December 15, 2001. The application for the appeal clearly states that the Appellant was appealing the August 2, 2001 legal opinion rendered by the City Solicitor. The Appellant would have had to file the appeal within (30) days of August 2, 2001 on or before September 1, 2001, in order to meet the deadline pursuant to § 410-115. Our Supreme Court has previously upheld a thirty-day time period as sufficient for compliance with the statutory requirement of "reasonable time." See Sousav. Town of Coventry, 774 A.2d 812, 814 (R.I. 2001) citing Hardy v. ZoningBoard of Review of Coventry, 113 R.I. 375, 379, 321 A.2d 289, 291 (1974)); see also Zeilstra v. Barrington Zoning Board of Review,417 A.2d 303, 308 (R.I. 1980). Furthermore, statutes prescribing the time and the procedure to be followed by a litigant attempting to secure appellate review are to be strictly construed. 774 A.2d 812, 814 (R.I. 2001); Seibert v. Clark, 619 A.2d 1108, 1111 (R.I. 1993) (citing Potterv. Chettle, 574 A.2d 1232, 1234 (R.I. 1990)). In the instant case, the Zoning Board of Review should have denied the Appellant's appeal for failure to timely file pursuant to § 410-115.
 MERGER DOCTRINE
Even assuming, arguendo, that the appeal was filed in a timely manner, this Court agrees with the Decision of the Zoning Board that the merger doctrine precludes the Appellant from building a single-family dwelling on Lot 211. The two parcels of land, Lot 211 and 212, came into common ownership by operation of the City's merger provision set forth in § 31-30(c) of the Zoning Ordinance on or after April 8, 1990.[1] After the merger doctrine came into operation and the two lots merged, Lot 211 consisted of 2,500 square feet and Lot 212 consisted of 7,500 square feet. Thus, Lot 211 is not buildable for a single-family dwelling as § 31-30(b) of the Pawtucket Zoning Ordinance requires a minimum of 3,200 square feet for single-family dwellings.
Accordingly, this Court finds that the decision of the Zoning Board is affected by an error of law and in violation of Pawtucket Zoning Ordinance 410-115. This Court vacates the Zoning Board of Review's Decision and remands this case to the Zoning Board to enter a decision dismissing the Appellant's appeal to the Zoning Board for lack of jurisdiction.
 CONCLUSION
After a thorough review of the entire record in this matter, this Court finds that the Zoning Board's decision was made upon unlawful procedure in violation of statutory provisions and affected by other error of law. Accordingly, the April 3, 2001 decision of the Zoning Board is vacated and this case is remanded to the Zoning Board for a judgment consistent with this opinion.
[1] The Record indicates that Lot 211 was owned by Theresa Cinq-Mars from 1954 until her death on April 8, 1990 when it was devised to the Appellant and his sister by the Last Will and Testament of Theresa Cinq-Mars.