DECISION
These consolidated cases are before the Court. Donatella Bombasaro Brady and James Brady (collectively "Bradys") appeal from the Little Compton Building Official's (hereinafter "Building Official") grant of a building permit to Bernard Manchester and Margaret Manchester (collectively "Manchesters"), and the Manchesters appeal from an October 9, 2007 decision of the Zoning Board of Review of the Town of Little Compton ("Zoning Board" or "Board"), granting an appeal by the Bradys of the Building Official's decision to approve the Manchesters' building permit application. As these cases implicate the same statutory and ordinances provisions and concern the same building permit, this Superior Court, in furtherance *Page 2 
of judicial economy and to promote clarity, consolidated these cases for review and disposition.
Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 I Facts and Travel
On April 10, 2002, the Manchesters filed a building permit application with the Building Official for work to be performed on their garage located at 25 Indian Road in the Town of Little Compton. (Bradys' Mem. in Opp'n to Mot. to Dismiss TRO, Ex. 4.) In their application, the Manchesters indicated that they intended to remove the roof of the existing garage, add a second floor for "office space," and construct a "rec[reation] room" in the first floor. Id.
On May 5, 2007, the Bradys first became aware that the Manchesters' garage was undergoing significant structural renovations. (Aff. of James Brady, Bradys' Mem. In Opp'n to Mot. to Dismiss TRO, Ex. 8.) According to an affidavit filed by Mr. Brady, he and his wife had arrived at their neighboring residence and "were astounded to encounter a two-story garrison-style residence . . . under hasty construction by a crew of workmen on the site of the Manchesters' . . . old garage." Id. Mr. Brady indicated in his affidavit to this Court that he personally asked Mr. Manchester whether he had obtained a building permit for the construction on his garage; Mr. Manchester informed Mr. Brady that he had obtained such a permit from the Building Official. Id.
After several neighboring property owners informed Mr. Brady that construction on the Manchesters' garage had been ongoing, Mr. Brady decided to contact the Building Official for additional information regarding the issuance of the permit. Id. On May 7, 2007 and May 8, 2007, Mr. Brady conversed with the Building Official and was informed that a building permit had, in fact, been issued to the Manchesters for the structural renovations on their garage. Id. According to his affidavit, Mr. Brady requested a copy of the Manchesters' building permit as *Page 3 
well as the building plans that had been submitted in connection with the building permit application. Id. Mr. Brady indicated that the Building Official "promptly" forward a copy of the permit application to him. Id.
On May 11, 2007, the Bradys appeared before a Justice of this Court on their ex parte motion for a temporary restraining order. Following the hearing, the Court granted the Bradys' motion and, in an Order dated May 11, 2007 at approximately 3:05 p.m., mandated that "[a]ll work of any type on the [building] as identified in [the Bradys'] TRO Motion and located at the rear of 25 Indian Road, Little Compton, Rhode Island, shall immediately cease." (Ct. Order of May 11, 2007.) (Emphasis in original.) The Court added that the "stop work order shall remain in effect pending further hearing on this matter, now scheduled for . . . May 17, 2007 before this Court." Id.
When the parties appeared before the Court on May 17, 2007, the Manchesters filed a motion to dismiss, alleging that the Bradys were attempting to circumvent the well-established appellate procedure that had been set in motion by the Building Official's grant of the building permit by obtaining injunctive relief from this Court. (Manchesters' Mot. to Dismiss TRO, Bradys' Mem. in Opp'n to Mot. to Dismiss TRO, Ex. 16.) According to the Manchesters, the Bradys were first required, pursuant to § 14-9.7 of the Town of Little Compton Ordinances (Little Compton Ordinances), to seek relief from the Zoning Board "within thirty days of the date of the recording of the decision of the [Building Official] . . ., or within thirty days of the time when the [Bradys as] the aggrieved part[ies] knew or should have known of the action or decision of [the Building Official]." (See Ex. 16.) As the Bradys "knew of the issuance of the building permit in this matter on May 5, 2007 but did not file a timely appeal within thirty days of said date, as required by the [Little Compton Ordinances]," the Manchesters maintained that *Page 4 
their "failure to timely file an appeal [was] a jurisdictional requirement that mandate[d] [their] appeal be dismissed." Id. A hearing on the Manchesters' dismissal motion was scheduled for July 17, 2007.
On July 17, 2007, the Court granted the Manchesters' dismissal motion on the grounds that the Bradys had failed to exhaust their administrative remedies by pursuing an appeal to the Zoning Board within the thirty day period set forth in § 14-9.7 of the Little Compton Ordinances. (Ct. Order of July 17, 2007.) In its Order, the Superior Court indicated that "Defendants' Motion to Dismiss is granted contingent upon the following: The Plaintiffs shall have ten (10) days from the date of this Order to file an appeal of the Building Official's decision to issue a building permit to the Little Compton Zoning Board of Review." Id. Additionally, the Court indicated that "[a]ll proceedings in connection with this matter shall be stayed until a determination is made by the Little Compton Zoning Board of Review[.]"Id.
The Bradys availed themselves of the ten-day language contained in this Court's Order of July 17, 2007, and filed an appeal to the Zoning Board on July 24, 2007. The Zoning Board held a duly noticed public hearing on the Bradys' appeal on September 19, 2007. Following the hearing, the members of the Board voted unanimously to grant the Bradys' appeal. Upon the issuance of the Board's written decision on October 9, 2007, the Manchesters filed a timely appeal to this Court of the Zoning Board's granting of the Bradys' appeal.
The Bradys and the Manchesters have raised several appellate arguments both in support of and in opposition to the Building Official's initial grant of a building permit to the Manchesters and the Zoning Board's action on that permit. However, a threshold issue before this Court is not whether the Zoning Board's decision to hear the Bradys' appeal is affected by error of law, clearly erroneous in light of the reliable, probative, and substantial record evidence *Page 5 
or otherwise defective for one of the reasons enumerated in § 45-24-69. Preliminarily, the sole issue for resolution is whether the Zoning Board possessed jurisdiction to hear and decide the Bradys' appeal. If the Zoning Board was without jurisdiction to hear and decide the matter before it, this Court is likewise devoid of jurisdiction to hear and decide appeals from that decision.
 II Standard of Review
The Superior Court's review of a zoning board's decision is governed by § 45-24-69(d), which provides:
 The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
The Court's review of the Board's decision is not de novo.See Monroe v. Town of East Greenwich, 733 A.2d 703, 705
(R.I. 1999) (recognizing "`traditional judicial' review standard that is applied in administrative-agency actions"). Instead, its appellate review is limited to an examination of "`the entire record to determine whether `substantial' evidence exists to support the board's findings.'"Mill Realty Assocs. v. Crowe, 841 A.2d 668, 672 (R.I. 2004) (quoting DeStefano v. Zoning Bd. of Review, 122 R.I. 241, 241,405 A.2d 1167, 1170 (1979)). *Page 6 
Substantial evidence has been defined as "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, [or an] amount more than a scintilla but less than a preponderance."Lischio v. Zoning Bd. of Review of North Kingstown, 818 A.2d 685,690 (R.I. 2003) (quoting Caswell v. George Sherman Sand and GravelCo., 424 A.2d 646, 647 (R.I. 1981)). Should the Court find that competent evidence exists in the record to support the Board's findings, its decision must be affirmed. Monroe, 733 A.2d at 705.
 III Analysis
Pursuant to § 45-24-64, "[a]n appeal to the zoning board of review from a decision of any other zoning enforcement agency or officer may be taken by an aggrieved party." Section 45-24-64 further provides that such an appeal "shall be taken within a reasonable time of the date of the recording of the decision by the zoning enforcement officer or agency. . . ." (Emphasis added.) Although § 45-24-64 does not define what constitutes a "reasonable time" within which to take an appeal to a local zoning board of review, our Supreme Court has consistently construed this language — as well as similar language contained in the precursor to the Zoning Enabling Act of 1991 — with reference to the period of time set forth in the applicable local ordinance.
For example, in MacGregor v. Zoning Bd. of Review of Bristol,94 R.I. 362, 180 A.2d 811 (1962), the petitioner sought review of a decision of the zoning board denying his appeal from a decision of the local building inspector. Id. at 363, 180 A.2d at 812. The zoning board found that the petitioner's appeal "was not taken within a reasonable time as required by G.L. 1956 § 45-24-16[1] . . . [and] therefore denied it without considering petitioner's other grounds."Id. at 365, 180 A.2d at 813. In denying the appeal, the board relied on a section of the local *Page 7 
zoning ordinance that provided that "[s]uch an appeal shall be taken within a reasonable time . . . by filing with the Building Inspector and the [Zoning] Board a notice of appeal specifying the grounds for the appeal. In no case shall the reasonable time exceed thirtydays." Id. (Emphasis in original.)
The MacGregor Court held that the board, in considering what constituted a "reasonable time" under the precursor to § 45-24-64, was "bound by the provisions . . . of the ordinance which provide[] that appeals may be taken within a reasonable time, but that `in no caseshall this reasonable time exceed thirty days.'" Id. at 365,180 A.2d at 813. (Emphasis in original.) The Court went on to state that the members of the board "were in duty bound to determine whether there had been compliance with the `thirty days' limitation and to apply [that provision of the ordinance] literally." Id. at 365,180 A.2d at 813-814. Thus, "[i]n view of the undisputed evidence that the appeal was not filed within thirty days from the date of the issuance of the building permit, the board did not err in denying it on the issue of timeliness." Id. at 365, 180 A.2d at 814. Thus, theMacGregor Court, focusing on the precise time period set forth in the local zoning ordinance, concluded that the board "had no authority under the ordinance to hear the appeal on the merits." Id.
In Hardy v. Zoning Bd. of Review of Coventry, 113 R.I. 375,321 A.2d 289 (1974), our Supreme Court clarified that the appellate timeframe set forth in a local zoning ordinance for the taking of an appeal "begins to run against an appellant only at such time as he [or she] becomes chargeable with knowledge of the decision from which he [or she] seeks to appeal." Id. at 379, 321 A.2d at 291. Focusing on the thirty-day period set forth in the local zoning ordinance before it, the Hardy Court was satisfied that this period of time "constitute[d] a sufficient compliance with the statutory requirement which one seeking to claim an appeal from an administrative *Page 8 
officer must meet, provided . . . that such period begins to run against such an appellant at the time he becomes chargeable with knowledge of decision from which he [or she] seeks to appeal." Id. at 379,321 A.2d at 291-292. The Hardy Court was careful to stress that "it [is] essential, . . . particularly in the regulation of land uses, that there be a definite period of time established within which a claim of appeal from such a decision must be made." Id. at 379,321 A.2d at 292. As the Court further explained,
 when a landowner has been granted a permit to make a particular use of his land, he is entitled to know when that decision will become final and no longer be subject to review or reversal by the board. Only in such circumstances may such a landowner feel secure in putting the land to the use granted him by the permit. It is equally true that those who object to the granting of a permit are entitled to know within what period of time they must appeal once they have acquired knowledge of the action or decision they desire to challenge. Id. at 380, 321 A.2d 292.
In construing when an appellant "becomes chargeable with knowledge of the decision" on a building permit application, the Hardy Court explained that an appellant possesses "implied notice" that such a permit has been granted when he or she "has acquired knowledge of facts that are so suggestive of the existence of [the] ultimate fact that a reasonably prudent person would be moved to investigate and ascertain the ultimate fact." Id. at 381, 321 A.2d at 293. Where "implied notice" is based on observations of construction on the land, that activity must be "of such a nature as to require [the observers] as reasonable persons to act to ascertain the purpose of such construction, particularly the proposed use to be made of the land." Id. at 382, 321 A.2d at 293.
As recently as 2001, our Supreme Court reaffirmed that "a thirty day time period for review of an administrative officer's decision to issue a building permit is permissible (that is, reasonable [under § 45-24-64
of the Zoning Enabling Act of 1991]) as long as the period begins *Page 9 
to run at the time the plaintiff `becomes chargeable with knowledge of the decision from which he [or she] seeks to appeal.'" Sousa v. Townof Coventry, 774 A.2d 812 (R.I. 2001) (quoting Hardy,113 R.I. at 379, 321 A.2d at 291 (1974)). The Sousa Court was satisfied that the appellant had "implied notice" of the action on the building permit — and that the thirty-day period set forth in the local zoning ordinance had begun to run — because the town council had approved the use "of town property for the construction of [a] telecommunications tower at a public meeting, . . . which was noticed and which also received press coverage." Id. at 815. As such, because of the public nature of the town council meeting, the Sousa Court concluded that the appellants "had constructive notice that a building permit would be issued and, as a result, . . . had an obligation to periodically inspect the public records for the issuance of a building permit for the telecommunications tower, if they had any interest in objecting to the issuance of the permit." Id.
Based on the foregoing, the procedure and timeframe within which the Bradys could seek review of the Building Official's decision to grant the Manchester application is set forth in § 14-9.7 of the Little Compton Ordinances, which reads:
 An appeal to the Board from a decision of any other zoning enforcement agency or officer . . . may be taken within thirty (30) days of the date of the recording of the decision of the officer or agency, or within thirty (30) days of the time when the aggrieved party knew or should have known of the action or decision of such officer or agency. (Emphasis added.)
As our Supreme Court stressed in Sousa in its review of the appellate procedure set forth in another local zoning ordinance, "[s]tatutes prescribing the time and the procedure to be followed by a litigant attempting to secure appellate review are to be strictly construed." Sousa, 774 A.2d at 814 (quoting Seibert v.Clark, 619 A.2d 1108, 1111 (R.I. 1993)). Accordingly, the Bradys were required by § 14-9.7 of the Little Compton Ordinances to seek their appellate *Page 10 
remedies with the Zoning Board within thirty days from the date upon which the Building Official's decision was recorded or, in the alternative, within thirty days of obtaining actual or constructive notice that a building permit had been issued to the Manchesters for the expansion and renovation of their existing garage. As our Supreme Court indicated in Hardy and Sousa, that notice could have been based on their observations of construction activity on the Manchester property that was "so suggestive of the existence of [the issuance of the building permit] that a reasonably prudent person would be moved to investigate and ascertain [that a permit had been issued],"Hardy, 113 R.I. at 381, 321 A.2d at 292-293, or on a public notice by the Building Official that a building permit had been or was about to be issued to the Manchesters. See Sousa, 774 A.2d at 815.
The record before this Court reflects that the Bradys had both actual and constructive notice that a building permit had been issued to the Manchesters as early as May 5, 2007 — the date upon which Mr. and Mrs. Brady observed significant structural renovations on the Manchesters' garage and, acting as reasonably prudent adjoining landowners, spoke with several neighbors and Mr. Manchester to ascertain the purpose of that construction. The Bradys were also put on actual notice that a building permit had been issued when Mr. Brady contacted the Building Official on May 7, 2007 and May 8, 2007 and received confirmation that a permit had been issued. Even assuming arguendo that the Bradys obtained actual notice that a building permit had been issued to the Manchesters as late as May 11, 2007 — the date upon which they filed their motion to obtain a temporary restraining order and thereby halt construction on the Manchesters' garage — they did not pursue their appellate remedies to the Zoning Board until July 24, 2007, well beyond the thirty-day period set forth in § 14-9.7 of the Little Compton Ordinances. *Page 11 
The fact that this Court, in its Order dated July 17, 2007, allowed the Bradys to file an appeal to the Zoning Board more than sixty days after the Bradys obtained both actual and constructive notice of the Manchesters building permit and construction does not remedy the fact that the Bradys failed to timely file an appeal with the Zoning Board. As our Supreme Court recently explained in Griggs v. Estate ofGriggs, 845 A.2d 1006, 1009 (R.I. 2004), "time requirements [for the filing of a claim of appeal] are jurisdictional and may not be extended by a sympathetic trial justice." Thus, while the Superior Court could grant the Manchesters' motion to dismiss for failure to exhaust administrative remedies, the Superior Court could not create jurisdiction where it was lacking. As the Zoning Board was without jurisdiction to hear and decide this matter, this Court is likewise without jurisdiction to hear an appeal of that decision.
 Conclusion
Having reviewed the record in its entirety, this Court finds that it lacks jurisdiction to rule on these appeals. Accordingly, the within consolidated appeals are hereby dismissed. Counsel shall submit the appropriate judgment for entry.
[1] Section 45-24-16, a precursor to § 45-24-64 that was repealed when the Zoning Enabling Act of 1991 was enacted, provided that an appeal to the local zoning board of review "shall be taken within a reasonable time as provided by the rules of the board."